PAUL S. PADDA, ESQ. (NV BAR # 10417)
Email: psp@paulpaddalaw.com
**PAUL PADDA LAW**
4560 S. Decatur Boulevard, Ste. 300
Las Vegas, Nevada 89103
Tel: (702) 366-1888
Fax: (702) 366-1940
Web: www.paulpaddalaw.com
**-and-**
MICHAEL LANIGAN, ESQ. (*Admission PHV Pending*)
**LAW OFFICE OF MICHAEL LANIGAN**
318 East Fourth Street
Waterloo, Iowa 50703
Tele: (319) 236-2064

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ESTATE OF NEKIYLO DEWAYNE GRAVES, by and through Eureka Graves as next-of-kin, personal representative and Special Administrator; EUREKA GRAVES, an individual, | Case No. _____ |
| Plaintiffs, | **COMPLAINT FOR MONEY DAMAGES AND DEMAND FOR JURY TRIAL** |
| vs. | |
| NYE COUNTY, NEVADA, JOHN KAKAVULIAS, an individual; NYE COUNTY SHERIFF'S OFFICE; DOES I - X; ROES I-X, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 8, Plaintiffs, the Estate of Nekiylo Dewayne Graves (by and through Special Administrator, personal representative and next-of-kin Eureka Graves) and Eureka Graves in her individual capacity, hereby allege the following in support of this Complaint:

**PAUL PADDA LAW, PLLC**
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

1

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

## I.

### JURISDICTION AND VENUE

1.      This is a civil action brought pursuant to the Civil Rights Act of 1871, codified at 42 U.S.C. § 1983 ("civil action for deprivation of rights") seeking damages against the above-named Defendants for committing acts, under color of state law, with the intent and purpose of depriving Plaintiff's decedent, Nekiylo Dewayne Graves of important rights secured under the Constitution and laws of the United States and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.   Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 ("federal question") and § 1343(a) ("civil rights").

2.      This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367, as such claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 as the actions described herein occurred in Nye County, Nevada and upon information and belief, Defendants are residents of this district.

## II.

### PARTIES

4.      Decedent Nekiylo Dewayne Graves ("Nekiylo") was at all relevant times herein a citizen of the State of Iowa and a resident of Linn County, Iowa.   He was an African-American male and a member of a protected class.

5.      Plaintiff Eureka Graves ("Plaintiff Graves") is an individual residing in the City of Waterloo, Iowa and is the mother of Nekiylo.   Plaintiff Graves brings this civil action in her individual capacity as the mother of Nekiylo, in a representative capacity as a successor-in-

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

interest to Nekiylo and as a representative of the Estate of Nekiylo Dewayne Graves, deceased, pursuant to Nevada Revised Statute ("NRS") 41.085. Plaintiff Graves seeks both survival and wrongful death damages under federal and state law.

6.     Upon information and belief and at all relevant times herein, Defendant John Kakavulias ("Kakavulias") was a deputy officer employed by Defendant Nye County Sheriff's Office ("NCSO"). He is sued in his personal, official and individual capacities pursuant to applicable law.

7.     At all relevant times herein, Defendant Kakavulias was acting under color of law within the course and scope of his duties as a deputy for Defendant NCSO. Also, at all relevant times herein, Defendant Kakavulias was acting with the complete authority and ratification of his principals, Defendants NCSO and Nye County, Nevada.

8.     Upon information and belief and at all relevant times herein, Defendant Kakavulias was a citizen of the State of Nevada and a resident of Nye County, Nevada.

9.     Defendant Nye County Sheriff's Office ("NCSO") is a branch of Nye County, Nevada existing under the laws of the State of Nevada and responsible for providing law enforcement services in Nye County, Nevada.

10.     At all relevant times herein, Defendant NCSO was responsible for assuring that its actions, omissions, policies, procedures, practices and customs, as well as its employees and agents, complied with the laws of the United States and the State of Nevada.

11.     Defendant Nye County, Nevada ("Nye County") is a "city government" and is responsible for, among other things, the administration of the Nye County Sheriff's Office. ("NCSO"). Defendants Nye County and the NCSO have a legal obligation to uphold important . . .

Constitutional rights guaranteed by the "Bill of Rights" which is made applicable to state actions by and through the Fourteenth Amendment to the United States Constitution.

12.     At all relevant times herein, Defendant Nye County was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of NCSO and its employees and agents complied with the laws of the United States and the State of Nevada.

13.     Upon information and belief and at all relevant time herein, Defendant Roe I was a private contractor entity responsible for providing security services at the Nevada National Security Site ("NNSS") in Mercury, Nye County, Nevada.

14.     At all relevant times herein, Defendant Roe I was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of Roe I and its employees and agents including Doe I, complied with the laws of the United States and the State of Nevada.

15.     Upon information and belief and at all relevant times herein, Defendant Doe I was employed as a security officer by Defendant Roe I .

16.     Upon information and belief and at all relevant times herein, Defendant Doe I was a citizen of the State of Nevada and a resident of Nye County, Nevada.

17.     Plaintiff is informed and believes, and thereupon alleges, that the defendants designated as DOES I through X, inclusive, are responsible in some manner for the events and happenings herein referred to and negligently and/or intentionally caused injuries and damages to Plaintiff.  Plaintiff further alleges that it cannot currently ascertain the identity of each of the DOE Defendants and Plaintiff will therefore seek leave of Court to amend this Complaint to insert the true names and capacities of DOE Defendants when they have been ascertained, together with appropriate charging allegations and to join such Defendants in this action.

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

18.     Plaintiff is informed and believes, and thereupon alleges, that each of the defendants designated as ROES I through X, inclusive, is responsible in some manner for the events and happenings herein referred to and negligently and/or intentionally caused injuries and damages to Plaintiff.  Plaintiff is further informed and believes that each of the ROES is either a corporation, servant, agent, independent contractor, representative, related subsidiary, parent entity, group, partnership, holding company, owner, predecessor entity, successor entity, joint venture, related association, affiliate, insurer or business entity, the true names of which are currently unknown to Plaintiff at this time.  Additionally, Plaintiff alleges that it cannot currently ascertain the identity of each of the ROE Defendants and Plaintiffs will therefore seek leave of Court to amend this Complaint to insert the true names and capacities of ROE Defendants when they have been ascertained, together with appropriate charging allegations and to join such Defendants in this action.

19.     Collectively, all Defendants (including DOE and ROE Defendants) herein shall be referred to as " DR Defendants."  Upon information and belief, DR Defendants share a common vision, plan, scheme, strategy and goal.  Accordingly, each DR Defendant is vicariously liable for the acts/omissions of the other DR Defendants.  Plaintiffs further allege that, upon information and belief, each of the DR Defendants acted in concert and with such unity of interest that any separate corporate identities are merely a sham and should be disregarded and each shall be held jointly and severally liable for the conduct of the others.  Each DR Defendant is liable under theories of *respondeat superior* and agency for the acts/omissions committed by its employees in the course and scope of their employment.

20.     All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or

employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

## III.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

21.     On January 28, 2019, at approximately 5:18 p.m. local time, Plaintiff's decedent, Nekiylo Dewayne Graves drove his vehicle through the main entry gate of the Nevada National Security Site ("NNSS") in Mercury, Nevada.  Mercury is a village in Nye County located approximately 65 miles from Las Vegas.

22.     Defendant Doe I and Defendant Kakavulias engaged in a vehicular pursuit of Nekiylo.

23.     Approximately eight miles from the main entry gate, Nekiylo stopped and exited his vehicle.

24.     As Nekiylo faced Defendants Doe I and Kakavulias, they fired their weapons at him, inflicting fatal injuries.

### State Actor Violations of Policy

25.     Upon information and belief, Defendant Kakavulias failed to fill out Use of Force reports.

26.     Filling out Use of Force reports is a normal practice or custom for NCSO officers, and upon information and belief, NCSO does not discipline officers for failing to document their use of force.  Filling out Use of Force reports are a well-established best practice for law enforcement entities.

. . .

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

27.     Upon information and belief, Defendants Nye County, NCSO and Roes I through X did not conduct any meaningful investigation into the subject incident of this Complaint, despite their awareness of it and despite such after-incident investigations being best practice for law enforcement entities.

**State Actor Excessive Force Violation**

28.     On January 28, 2019, Nekiylo had a clearly-established constitutional right to be free from excessive force.

29.     Nekiylo did not have a weapon, was not fleeing and did not pose a threat to Defendants Kakavulias, Doe I or any other officers, security personnel or civilians.

30.     Defendant Kakavulias knew or reasonably should have known of the danger he placed Nekiylo in by firing his weapon at him.

31.     The actions of Defendant Kakavulias constituted clear excessive force.

32.     The governmental Defendants' actions deprived Nekiylo of his right to be free from excessive force and they were motivated by an unconstitutional enforced policy, pattern of practice, or custom by NCSO.

33.     Defendant NCSO does not enforce its excessive force policies, it does not properly document incidents of force, it does not investigate allegations of excessive force, and it engages in a policy, pattern of practice, or custom of failing to reprimand or discipline any officer for excessive force.  NCSO's failure to address excessive force by its officers and Defendant Nye County's failure to oversee NCSO's act and omissions amounts to tacit approval of the use of excessive force.

. . .

. . .

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

34.     The governmental Defendants were state actors acting under color of state law.

**IV.**

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)**
**Defendant Kakavulias and Doe Defendants II Through X**

35.     All previous paragraphs are incorporated herein by reference as though fully set forth herein.

36.     Plaintiffs make a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

37.     The Fourth Amendment does not permit Defendants to use excessive force.

38.     Defendants used excessive and unreasonable force against Nekiylo when they shot and killed him.

39.     Defendants' use of deadly force against Nekiylo was not reasonable under the circumstances and was excessive.

40.     Defendants' unjustified shooting deprived Nekiylo of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

41.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Nekiylo and, therefore, warrants the imposition of exemplary and punitive damages.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 (Municipal Liability-Ratification)**

42.     All previous paragraphs are incorporated herein by reference as though fully set forth herein.

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

43.     The individual state-actor Defendants acted under color of law.

44.     The acts of the individual state-actor Defendants deprived Nekiylo and Plaintiffs of their particular rights under the United States Constitution.

45.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of the individual state-actor Defendants, ratified the individual state-actor Defendants' acts and the basis for them.  Upon information and belief, the final policymaker knew of and specifically approved of the individual state-actor Defendants' acts.

46.     Upon information and belief, a final policymaker as determined (or will determine) that the acts of the individual state-actor Defendants were "within policy."

47.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, guidance and past and future support of Nekiylo.  The aforementioned acts and omissions also caused Nekiylo's pain and suffering, loss of enjoyment of life, and death.

48.     Accordingly, the Defendant governmental entities are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

49.     Plaintiff Graves brings this claim as a successor-in-interest to Nekiylo and seeks both survival and wrongful death damages under this claim.  Plaintiffs also seek attorneys' fees under this claim.

### THIRD CAUSE OF ACTION
**42 U.S.C. § 1983 (Municipal Liability-Inadequate Training)**
**Nye County, Nye County Sheriff's Office ("NCSO"), and Defendant Roes II Through X**

50.     All previous paragraphs are incorporated herein by reference as though fully set forth herein.

51. Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of their official policies or customs deprive individuals of their Constitutional rights.

52. The individual state-actor Defendants acted under color of law.

53. The individual state-actor Defendants deprived Nekiylo and Plaintiffs of their particular rights under the United States Constitution.

54. The training policies of Defendant NCSO were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

55. Defendant NCSO was deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

56. At all times relevant herein, the Defendant governmental entities had a duty to properly train, supervise, and discipline their employees and agents.

57. Upon information and belief, the Defendant governmental entities breached that duty,  in part by (a) improperly training, authorizing, encouraging or directing officers on proper use of force; (b) failing to investigate allegations of excessive force; and (c) failing to discipline officers for violations of policy related to excessive force.

58. The failure of the Defendant governmental entities, including NCSO, to provide adequate training caused the deprivation of Plaintiffs' rights by the individual state-actor Defendants;  that is, the failure to train is so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

59. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, guidance and past and future

. . .

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.pauldaddalaw.com

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

support of Nekiylo. The aforementioned acts and omissions also caused Nekiylo's pain and suffering, loss of enjoyment of life, and death.

60. Accordingly, the Defendant governmental entities are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

61. Plaintiff Graves brings this claim as a successor-in-interest to Nekiylo and seeks both survival and wrongful death damages under this claim. Plaintiffs also seek attorneys' fees under this claim.

### FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983 (Unconstitutional Custom, Practice or Policy)

62. All previous paragraphs are incorporated herein by reference as though fully set forth herein.

63. The individual state-actor Defendants acted under color of law.

64. The individual state-actor Defendants acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant governmental entities.

65. Upon information and belief, the individual state-actor Defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Nekiylo's death.

66. The Defendant governmental entities, including their policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    a.      using excessive force, including excessive deadly force; and

    b.      providing inadequate training regarding the use of deadly force.

    c.      employing and retaining individuals such as the individual state-actor Defendants, whom the Defendant governmental entities at all times

11

material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

d.    inadequately supervising, training, controlling, assigning, and disciplining their personnel, including the individual state-actor Defendants, whom the Defendant governmental entities knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

e.    maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by their personnel, including individual state-actor Defendants;

f.    failing to adequately discipline their personnel, including individual state-actor Defendants, for the above-referenced categories of misconduct, including "slaps on the wrist", discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

g.    encouraging, accommodating, or facilitating a "code of silence", pursuant to which police officers do not report other officers' errors, misconduct, or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

h.    maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings and beatings, including by failing to

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

12

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

discipline, retrain, investigate, terminate, and recommend deputies for criminal prosecution who participate in shootings and beatings of unarmed people.

67. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, the Defendant governmental entities acted with intentional, reckless, and callous disregard for the life of Nekiylo and for Nekiylo and Plaintiffs' constitutional rights.

68. The condoning of misconduct and the failure to end this policy, pattern of practice or custom was a proximate cause of Plaintiffs' injuries.

69. The Defendant governmental entities, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Nekiylo, Plaintiffs and other individuals similarly situated.

70. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, the individual state-actor Defendants acted with intentional, reckless, and callous disregard for the life of Nekiylo and for Nekiylo's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by the Defendant governmental entities and the individual state-actor Defendants were affirmatively linked to and were a significantly influential force behind the injuries of Nekiylo and Plaintiffs.

. . .

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

71.     The policy, pattern of practice or custom of condoned misconduct is tacitly or overtly sanctioned, as evidenced by the conduct of the individual state-actor Defendants and the Defendant governmental entities' failure to train, supervise, investigate, and discipline the individual state-actor Defendants or any other of its officers or employees involved in the incident at issue in this Complaint, amounting to a deliberate indifference to Nekiylo's constitutional rights.

72.     This unconstitutional behavior was carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violates the constitutional rights of persons situated such as Nekiylo.

73.     The Defendant governmental entities failed to take sufficient remedial actions to end this policy, pattern of practice, or custom within the NCSO and/or Nye County.

74.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, guidance and past and future support of Nekiylo.  The aforementioned acts and omissions also caused Nekiylo's pain and suffering, loss of enjoyment of life, and death.

75.     Accordingly, the Defendant governmental entities are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

76.     Plaintiff Graves brings this claim as a successor-in-interest to Nekiylo and seeks both survival and wrongful death damages under this claim.  Plaintiffs also seek attorneys' fees under this claim.

## FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983 (Substantive Due Process)

77.     All previous paragraphs are incorporated herein by reference as though fully set forth herein.

14

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

78.     Plaintiff Graves had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff Grave's familial relationship with her son, Nekiylo.

79.     Nekiylo had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

80.     The aforementioned actions of the individual Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Nekiylo and with purpose to harm unrelated to any legitimate law enforcement objective.

81.     As a direct and proximate result of these actions, Nekiylo experienced pain and suffering and eventually died.  The individual Defendants thus violated the substantive due process rights of Plaintiff Graves to be free from unwarranted interference with her familial relationship with Nekiylo.

82.     As a direct and proximate cause of the acts of the individual Defendants, Plaintiff Graves suffered emotional distress, mental anguish, and pain.  Plaintiff Graves has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Nekiylo, and will continue to be so deprived for the remainder of her natural life.

83.     The conduct of the individual Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Nekiylo and Plaintiff Graves and therefore warrants the imposition of exemplary and punitive damages.

84.     Plaintiff brings this claim individually and as a successor-in-interest to Nekiylo and seeks both survival and wrongful death damages.  Plaintiffs also seek attorneys' fees.

## SIXTH CAUSE OF ACTION

**NEGLIGENCE  (Negligent Hiring, Negligent Retention, Negligent Supervision, Negligent Infliction of Emotional Distress against Defendants Nye County, NCSO and Roe I)**

85.     All previous paragraphs are incorporated herein by reference as though fully set forth herein.

86.     All of the individual Defendants named in this complaint are employees, deputies and/or agents of Defendants Nye County, NCSO, Roe I or Roes II through X.

87.     All acts of the individual Defendants alleged herein were conducted within the scope of their employment or duties.

88.     Defendants Nye County, NCSO, Roe I and Roes II through X owed a duty of care to Plaintiff/Plaintiff's decedent Nekiylo, to exercise reasonable care in hiring, retaining, and supervising their employees.

89.     Defendants Nye County, NCSO, Roe I and Roes II through X knew or should have known of the danger that the individual Defendants would use excessive force.

90.     Defendants Nye County, NCSO, Roe I and Roes II through X breached their duty of care to Plaintiff/Plaintiff's decedent Nekiylo by failing to properly supervise, provide training and take remedial measures, such as discharge or reassignment, against their employees to ensure the safety of Nekiylo.

91.     The individual Defendants' supervisors owed a duty of care to properly supervise the individual Defendants.

. . .

. . .

**PAUL PADDA LAW, PLLC**
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

92.     The individual Defendants' supervisors breached their duty of care by not properly supervising the individual Defendants with respect to the incident at issue in this Complaint.

93.     As a direct and proximate result of Defendants' negligent acts, Plaintiffs have suffered damages in an amount in excess of $100,000.00.

## SEVENTH CAUSE OF ACTION
### NEGLIGENCE (Wrongful Death)

94.     All previous paragraphs are incorporated herein by reference as though fully set forth herein.

95.     Sheriff's deputies and security officers, including the individual Defendants, have a duty to use reasonable care to prevent harm or injury to others.  This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

96.     The individual Defendants breached this duty of care.  Upon information and belief, the actions and inactions of the individual Defendants were negligent and reckless, including but not limited to:

      a.     the failure to properly and adequately assess the need to detain, arrest and use deadly force against Nekiylo;

      b.     the negligent tactics and handling of the situation with Nekiylo, including pre-shooting negligence;

      c.     the negligent use of force, including deadly force, against Nekiylo;

      d.     the failure to provide prompt medical care to Nekiylo;

      e.     the failure to properly train and supervise employees, both professional and non-professional;

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

f.      the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Nekiylo;

g.      the negligent handling of evidence and witnesses;  and

h.      the negligent communication of information during the incident.

97.     As a direct and proximate result of Defendants' conduct as alleged herein, as well as other undiscovered negligent conduct, Nekiylo was caused to suffer severe pain and suffering and ultimately died.

98.     As a direct and proximate result of Defendants' conduct as alleged herein, as well as other undiscovered negligent conduct, Plaintiff Graves suffered emotional distress and mental anguish.  Plaintiff Graves also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Nekiylo and will continue to be so deprived for the remainder of her natural life.

99.     The Defendant entities are vicariously liable for the wrongful acts of the individual Defendants done within the scope of their employment.

100.    Plaintiff Graves brings this claim as a successor-in-interest to Nekiylo and seeks both survival and wrongful death damages.  Plaintiffs also seek attorneys' fees.

## EIGHTH CAUSE OF ACTION
### BATTERY (Wrongful Death)

101.    All previous paragraphs are incorporated herein by reference as though fully set forth herein.

102.    The individual Defendants, including Defendant Kakavulias and Defendant Doe I, while working as officers and/or deputies for the Defendant entities and acting within the course and scope of their duties, intentionally shot Nekiylo multiple times and used

unreasonable and excessive force against him.  As a result of these actions, Nekiylo suffered severe pain and suffering and ultimately died from his injuries.  The individual defendants had no legal justification for suing force against Nekiylo and their use of force while carrying out their duties was an unreasonable and unprivileged use of force.

103.    As a direct and proximate result of the conduct of the individual Defendants as alleged herein, Nekiylo sustained injuries and died from his injuries and also lost his earning capacity.

104.    The Defendant entities are vicariously liable for the wrongful acts of their employees, including their officers and/or deputies, where the injuries caused by their employees within the scope of the employment when such acts subject those employees to liability.

105.    The conduct of the individual Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff Graves and Nekiylo, entitling Plaintiffs to an award of exemplary damages.

**NINTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

106.    All previous paragraphs are incorporated herein by reference as though fully set forth herein.

107.    Defendants and/or their employees, contractors, sub-contractors, and agents acted with extreme and outrageous conduct with either the intention of, or reckless disregard for, causing Plaintiff Graves emotional distress.

108.    Defendants' above-stated, injury-causing wrongful acts and conduct towards Nekiylo caused Plaintiff Graves to suffer severe and/or extreme emotional distress . . .

19

**PAUL PADDA LAW, PLLC**
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.pauldaddalaw.com

Defendants' wrongful acts and conduct was the actual or proximate cause of Plaintiff Grave's emotional distress.

109.    Defendants' wrongful acts and conduct were unjustified and done with actual malice and wanton indifference to and deliberate disregard for the rights of Plaintiff Graves.

110.    Plaintiff Graves is, therefore, entitled to exemplary damages.

## V.

## DECLARATORY RELIEF

111.    This lawsuit involves an actual controversy within the Court's jurisdiction and the Court may declare the rights of Plaintiff under the Constitution and laws of the United States and the laws of Nevada and grant such relief as necessary and proper.  Plaintiff seeks declaratory relief on its behalf.

112.    Plaintiffs seeks declaratory judgment that Defendants' policies, pattern of practices, customs, lack of supervision, failure to train, acts and omissions described herein violate the Fourth Amendment to the United States Constitution and constitute excessive force in violation of Nevada state law.

## VI.

## DEMAND FOR JURY TRIAL

113.    Pursuant to the Seventh Amendment of the United States Constitution and Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury on all issues so triable.

. . .

. . .

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

## VII.

## RELIEF REQUESTED

114.    Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and grant the following:

  a. Set this matter for a trial by jury on a date convenient for the Court;

  b. Enter declaratory judgment on behalf of Plaintiffs that Defendants' policies, patterns of practice, customs, lack of supervision, failure to train, acts, and omissions described herein constitute excessive force in violation of the Fourth Amendment and in violation of Nevada state law;

  c. Enter judgment on behalf of Plaintiffs and against Defendants for reasonable actual damages sufficient to compensate it for the violation of Nekiylo's Fourth Amendment rights and rights under Nevada state law (including NRS 41.085);

  d. Order Defendants to pay for funeral and burial expenses, and loss of financial support and all other damages permissible under Nevada state law (including NRS 41.085);

  e. Order Defendants to pay punitive and other exemplary damages;

  f. Order Defendants to pay statutory damages;

. . .

. . .

21

g.    Order Defendants to pay Plaintiffs' attorneys' fees and costs as

authorized by 42 U.S.C. § 1988;  pre-judgment interest and any other

relief deemed necessary and proper;

h.    Grant all other and additional relief to which Plaintiffs may be entitled.

**PAUL PADDA LAW**

/s/  *Paul S. Padda*

_____

Paul S. Padda, Esq.
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada  89103
Tele: (702) 366-1888

*Attorney for Plaintiffs*

Dated: December 31, 2020

**PAUL PADDA LAW, PLLC**
4560 South Decatur Blvd, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com