# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Estate of Nekiylo Dewayne Graves, et al.<br><br>Plaintiffs,<br><br>v.<br><br>Nye County, Nevada, et al.,<br><br>Defendants. | Case No. 2:20-cv-02359-JAD-DJA<br><br>**Order** |

This is a civil rights action arising out of a chase during which Nye County police officers fired their weapons at Nekiylo Graves, inflicting fatal injuries. Plaintiffs sue Defendants for damages and declaratory judgment, claiming that the officers violated Nye County policies and used excessive force. Plaintiffs move for an extension of discovery deadlines, arguing that their counsel reached out to Defendants' counsel for a stipulation, but that Defendants counsel could not respond within a reasonable time. Because the Court finds that the parties generally agree on an extension, it grants the motion in part. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Background.**

Plaintiffs brought the motion to extend all discovery deadlines about two weeks after the first deadline in this case—the deadline to amend pleadings or add parties—had passed (ECF No. 21). Plaintiffs seek to extend all discovery deadlines by 120 days. Plaintiffs' counsel explains that he reached out to Defendants' counsel to request a stipulation, but that Defendants' counsel could not provide an answer "until next week after speaking with his clients…" Plaintiffs assert that they have shown good cause by acting diligently in serving their initial disclosures and propounding written discovery. Plaintiffs also seem to claim that their excusable neglect is due to their counsel's error of not initially requesting longer deadlines and because Defendants identified

fifty non-party witnesses in their initial disclosures on June 14, 2021, less than a month before the deadline to amend. Plaintiffs then suggest that "[t]his is a case in which a Rule 16 conference may be beneficial."

Defendants respond (ECF No. 22) that they do not disagree with a discovery extension, but that when Plaintiffs' counsel requested a stipulation, he demanded a response by the next day, a deadline Defendants could not meet. Defendants assert that a ninety-day extension is more appropriate because it is "better suited to accommodate limited discovery from Plaintiffs reasonably targeted at identifying [] additional Defendants and adding them without wasting time on discovery that may need to be duplicated after their appearance." Defendants also point out that Plaintiffs' proposed new deadline to amend pleadings and add parties is 150—rather than 120 days—beyond the original deadlines. Defendants end by explaining that they will withhold their expert disclosures—originally due on the now-passed August 9, 2021 deadline—anticipating the result of Plaintiff's motion.

Plaintiffs reply (ECF No. 23) that they were forced to file a motion—rather than a stipulation—because Defendants "refused to provide a simple answer to Plaintiffs' inquiry within a reasonable period of time..." They argue that 120 days is appropriate because Defendants' initial disclosures were insufficient, and that they anticipate that Defendants will withhold information that Plaintiffs will need to amend their complaint. Plaintiffs conclude that "a discovery conference may be appropriate where some of these issues can be discussed at greater length, including a frank discussion of whether even 120-days is appropriate given Nye County's anticipated refusal to disclose material documents in this case."

**II.   Discussion.**

   ***A.   Plaintiffs have shown good cause to extend most of their discovery deadlines.***

A motion to extend a date set by a discovery plan must be supported by good cause. *See* LR 26-3. The good cause standard primarily considers the diligence of the party seeking the extension. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 699 (9th Cir. 1992). The scheduling order can be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. *See id.*

Here, Plaintiffs have shown good cause to extend every deadline but the deadline to amend pleadings or add parties, which already passed. Plaintiffs claim that they are in the process of issuing subpoenas and have acted diligently in propounding written discovery. They also assert that they did not initially appreciate the extent of discovery needed in the case and erred by not requesting an extended discovery schedule at the outset.

To be clear, the Court is not convinced Plaintiffs were diligent in seeking an *extension* because they moved to extend a deadline that had already passed and only gave Defendants a day to reply to their request to stipulate. Nonetheless, they have been diligent in conducting discovery so far, which diligence Defendants do not contest. Plaintiffs have shown good cause to extend the discovery deadlines which did not pass before their instant motion: the expert disclosure deadline, the rebuttal expert disclosure deadline, the discovery cutoff deadline, the dispositive motion deadline, and the joint pretrial order deadline.

### B. *Plaintiffs have demonstrated excusable neglect to extend the deadline to amend pleadings and add parties.*

A request to extend time made after the expiration of a deadline will not be granted unless the movant demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. *See* LR 6-1(a). In evaluating excusable neglect, the Court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *see also Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n. 4 (9th Cir. 1996). Here, although the first two factors weigh against excusable neglect, because the second two weigh in its favor and because Defendants do not disagree with an extension, the Court grants Plaintiffs' request to extend the deadline to amend pleadings and add parties.

The first two factors weigh against excusable neglect. First, the delay was entirely within Plaintiffs' control. Plaintiffs suggest that the delay was because they did not receive Defendants' initial disclosures until June 14, 2021. But this was twenty-five days before the deadline to

amend pleadings or add parties, and Plaintiffs do not explain why they did not seek to extend the deadline within this time. Second, Plaintiffs have not supported their claim that they acted in good faith. Although Defendants do not directly contest good faith, they point out that Plaintiffs initially asked for ninety days, but then filed a motion for 120. Plaintiffs admit this. Defendants also point out that Plaintiffs incorrectly calculated their proposed discovery schedule, including a 150-day extension to amend pleadings or add parties. Plaintiffs ignore this in reply. Plaintiffs' delay, change in the number of days they requested, and apparent attempt to sneak in a much longer deadline are inconsistent with good faith.

The next two factors weigh in favor of excusable neglect. For the third factor, a delay will impact proceedings, but the Court has already found good cause to extend all other deadlines for 120 days. For the fourth factor, Defendants do not argue that an extension will prejudice them. Defendants only argue that the Court should limit the extension to ninety days. But the Court does not agree that thirty additional days will result in duplicative discovery as Defendants suggest. The Court is also unconvinced by Plaintiffs' argument that they need 120 days because Defendants will be be withholding. Nonetheless, a 120-day extension is an otherwise reasonable request, especially because the parties have not previously requested extended discovery deadlines. A 120-day extension would also keep the discovery deadlines consistent. The Court thus extends the deadline to add parties or amend pleadings for 120 days.

### C.   The Court denies Plaintiffs' request for a Rule 16 conference.

In any action, the court may order the parties to appear at a pretrial conference for purposes such as: (1) expediting disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; (4) improving the quality of the trial through more thorough preparation; and (5) facilitating settlement. Fed. R. Civ. P. 16(a). Here, Plaintiffs request a pretrial conference to have a frank discussion with Defendants about discovery deadlines, apparently forgetting that this option is always available to them. Defendants have not refused to meet and confer with Plaintiffs. Rather, Plaintiffs filed their motion to extend deadlines after missing a deadline and giving Defendants only one day to respond. At this stage, the relationship

between the parties has not deteriorated to the point that the Court needs to intervene. The Court denies Plaintiffs' request for a court-mandated Rule 16 conference as premature.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to extend discovery deadlines (ECF No. 21) is **granted in part**. The following deadlines shall control discovery in this case:

| | |
|---|---|
| Amend pleadings and add parties | Monday, November 8, 2021 |
| Expert disclosures | Tuesday, December 7, 2021 |
| Rebuttal expert disclosures | Wednesday, January 5, 2022 |
| Discovery cutoff | Friday, February 4, 2022 |
| Dispositive motions | Tuesday, March 8, 2022 |
| Joint pretrial order | Tuesday, April 5, 2022[1] |

**IT IS FURTHER ORDERED** that Plaintiffs' request for a Rule 16 conference is **denied**.

DATED: September 7, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] Under LR 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.