PAUL S. PADDA, ESQ. (NV BAR # 10417)
Email: psp@paulpaddalaw.com
**PAUL PADDA LAW**
4560 S. Decatur Boulevard, Ste. 300
Las Vegas, Nevada 89103
Tel: (702) 366-1888
Fax: (702) 366-1940
Web: www.paulpaddalaw.com
-and-
MICHAEL LANIGAN, ESQ. (*Admission PHV Pending*)
**LAW OFFICE OF MICHAEL LANIGAN**
318 East Fourth Street
Waterloo, Iowa  50703
Tele: (319) 236-2064

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ESTATE OF NEKIYLO DEWAYNE GRAVES, by and through Eureka Graves as next-of-kin, personal representative and its Special Administrator SHANNON L. EVANS; EUREKA GRAVES, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NYE COUNTY, NEVADA, JOHN KAKAVULIAS, an individual; NYE COUNTY SHERIFF'S OFFICE; DOES I - X; ROES I-X,<br><br>Defendants. | Case No. 2:20-cv-2359-JAD-DJA<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 15(a)(2), Plaintiffs, the Estate of Nekiylo Dewayne Graves (by and through its personal representative, next-of-kin Eureka Graves, and its Special Administrator Shannon L. Evans) and Eureka Graves in her individual

1
Graves v. Nye County, *et. al*.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

capacity, hereby respectfully request the Court permit them to file a First Amended Complaint ("FAC") in this wrongful death case involving the shooting of a 27-year-old man killed by law enforcement on January 28, 2019.  In support of this motion, Plaintiffs rely upon the memorandum of points and authorities set forth below with supporting exhibits (filed contemporaneously herewith).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiffs timely file this motion for leave to file an FAC.  This motion is filed well before the November 8, 2021 deadline established by this Court's earlier September 7, 2021 Order.  *See* ECF No. 24, at p. 5.  Plaintiffs' FAC seeks to do the following:  (1) add the name of the Court Appointed Special Administrator of the Estate of Nekiylo Dewayne Graves based upon a Clark County District Court order dated September 15, 2021; (2) add the true names and identities of Defendants previously identified as "Doe" and "Roe" Defendants in the original Complaint; (3) remove "Nye County Sheriff's Office ("NCSO") as a named Defendant; and (4) add claims, clarify factual allegations, and includes additional facts not previously known to Plaintiffs (but which were only recently disclosed by Defendants during discovery).[1]

Plaintiffs' request leave to file an FAC (a copy of which is filed with this motion as

---

[1] Defendants recently produced approximately <u>5,000</u> pages of documents, including audio interviews and investigative reports.

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

2
Graves v. Nye County, *et. al*.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

Exhibit A) because, under the standards of FRCP 15, "justice so requires."  In this case, there is no undue delay as the motion is filed *before* the November 8, 2021 deadline established by the Court's September 7, 2021 Order (ECF No. 24).  Plaintiffs' have not previously sought amendment and there is no bad faith or dilatory motive in requesting leave to amend.  Additionally, the FAC will not prejudice Defendants because Defendants, both named and fictitiously named, had notice of Plaintiffs' claims and intentions to amend their Complaint on discovery of identities of other parties and additional facts related thereto.  The FAC asserts that the additional Defendants SOC Nevada, LLC ("SOC") and its Security Police Officer ("SPO") Trequis Harris ("SPO Harris") acted in unison with Defendants Nye County and Nye County Deputy Sheriff John Kakavulias ("DS Kakavulias") in the fatal shooting of Nekiylo Dewayne Graves ("Nekiylo").

At the time Plaintiffs filed their original Complaint, Defendant Nye County, the Nevada Department of Public Service-Investigative Division ("NVDPS-ID"), and the Federal Bureau of Investigation ("FBI") had access to official investigative documents, interviews, and other evidence related to the fatal officer involved shooting of Nekiylo at the Nevada National Security Site (NNSS), including, the identities of the NNSS private contractor, SPOs involved and/or other witnesses to the same, well-before Plaintiffs ever had knowledge or possession of facts relating to these entities/individuals.  Those documents, only recently disclosed to Plaintiffs for the first time, identify the Doe/Roe Defendants ("DR Defendants") nominally identified in their initial Complaint.  Neither SOC or SPO Harris, parties named as defendants in the FAC,  should be surprised by this lawsuit as they were interviewed by the FBI and could

3
Graves v. Nye County, *et. al.*
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

appreciate, at that time, that this lawsuit may one day materialize.  Plaintiffs, on the other hand, were <u>deliberately</u> kept in the dark (*see* Exhibit B) regarding the identifies of both SPO Harris and SOC until discovery commenced in this case.[2]

Simply put, this is a timely motion being filed soon after Plaintiffs have discovered the true identities of the "DR Defendants" referenced in the Complaint.

## II.

## **PROCEDURAL HISTORY**

On December 31, 2020, Plaintiffs filed their Complaint against Defendants Nye County, Nevada ("Nye County"), NCSO, DS Kakavulias (an individual and Deputy Sheriff with NCSO) and "DOES I – X; ROES I-X." (ECF No. 1).  Plaintiffs' Complaint, based upon the limited information available at that time, alleges civil rights violations pursuant to 42 U.S.C. §1983 related to the fatal officer-involved shooting of decedent Nekiylo Graves at the NNSS on January 28, 2019.  Plaintiffs' Complaint also alleges state law claims for negligence, wrongful death, battery, conspiracy, and intentional infliction of emotional distress. ECF No. 1.

On April 10, 2021, Nye County and DS Kakavulias jointly filed their Answer to Plaintiffs' Complaint (ECF No. 8).  At the same time, Defendant Nye County filed a motion to dismiss NCSO as an improperly named Defendant in this case. ECF No. 10.  That motion was granted.  ECF No. 20.

---

[2] The only reason Plaintiffs were aware of the identify of DS Kakavulias is because NCSO posted a video on "YouTube" following the shooting and death of Nekiylo.  *See* https://www.youtube.com/watch?v=yjvATJnaADc

4
Graves v. Nye County, *et. al*.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

On June 1, 2021, the Court approved the parties' first stipulated Discovery Plan and Scheduling Order.  ECF No. 18.

On May 28, 2021, Plaintiffs served their initial disclosures on Defendants Nye County and DS Kakavulias.

On June 14, 2021, Nye County and DS Kakavulias jointly served their initial disclosures to Plaintiffs.

On July 22, 2021, Plaintiffs filed their first motion to extend deadlines in the scheduling order (ECF No. 21) which was opposed by Defendants (ECF No. 22).

On September 7, 2021, this Court granted, in part, Plaintiffs' motion which extended, among other things, the deadline to add parties and amend pleadings to November 8, 2021.  *See* ECF No. 24.  In doing so, the Court noted that Plaintiffs demonstrated "good cause" in seeking to extend discovery deadlines and "have been diligent in conducting discovery thus far, which diligence Defendants do not contest."  *See* ECF No. 24, at p. 3, lines 8-9.

On July 30, 2021, Nye County and DS Kakavulias separately served ninety-three (93) interrogatories collectively on each of the Plaintiffs.  On the same day, Defendants also separately served eighty-five (85) Requests for Production of Documents collectively on each of the Plaintiffs.

On August 17, 2021, Plaintiffs served Subpoenas to Produce Documents upon the FBI and NVDPS-ID.

On August 24, 2021, Defendants jointly emailed courtesy copies of limited supplemental disclosures to Plaintiffs.  Plaintiffs, however, did not receive the full set of

5
Graves v. Nye County, *et. al.*
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

supplemental documents which were mailed to them and marked as "NYE 00001 to NYE 05475" (over 5,000 documents) until approximately September 20, 2021 (Monday).[3]

On September 29, 2021, Plaintiffs' counsel received an Order Appointing Shannon L. Evans as Special Administrator of the Estate of Neykilo Dewayne Graves signed by District Judge Gloria Sturman on September 15, 2021, as attached to the FAC.

### III.
### FACTS SUPPORTING AMENDMENT

Plaintiffs are filing this motion approximately 3.5 months after the commencement of discovery in this case and only 17-days after receiving over 5,000 numbered document productions from Defendant Nye County in response to Plaintiffs' prior written discovery. The recently disclosed documents include the official investigative report of NVDPS-ID, certain unclassified reports of the FBI and other reports and interviews of Nye County employees, private security protective officers and other witnesses.

A review of the discovery and investigative documents disclosed on September 20, 2021 reveals what Plaintiffs were previously unable to definitively ascertain at the time they filed their initial Complaint -- the true identity of the private security contractor at NNSS and his employer, the identities of other SOC employees involved with the incident in question and other facts providing insights into the January 28, 2019 shooting of Nekiylo.

---

[3] On September 13, 2021, Mr. Padda's paralegal sent an email to defense counsel stating that they had not received in the mail the "flash drive" containing NYE 00001 to NYE 05475. Mr. Ryman's staff replied stating they would email another flash drive the afternoon of September 14, 2021.

6
Graves v. Nye County, *et. al*.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

At the time they filed their Complaint, Plaintiffs, despite their best efforts (Exhibit B), did not have access to the investigative files and reports generated by government agencies pertaining to the death of Nekiylo and had no possible way of knowing who else was involved in his shooting death, an event that has been shrouded in mystery.

## IV.

## LEGAL ARGUMENTS

### A. THE LEGAL STANDARD APPLICABLE IN THIS CASE FAVORS THE LIBERAL CONSTRUCTION AND APPLICATION OF FRCP 15

**(1) Motion For Leave To Amend Under FRCP 15(a)**

Federal Rule of Civil Procedure (FRCP) 15 provides leave to amend be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") has instructed that "[t]his policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (*quoting* Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). "The standard for granting leave to amend is generous." C.M., individually and as parent to D.M., *et. al*. v. Jesus Jara, *et. al.,* No. 2:20-cv-0156-JCM-BNW, 2021 WL 429576, at 1 (D. Nev. Sept. 16, 2021) (*quoting* United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011)).[4]

"'The court considers five factors [under Rule 15] in assessing the propriety of leave to amend – bad faith, undue delay, prejudice to the opposing party, futility of amendment, and

---

[4] The seminal case on leave to amend is Foman v. Davis, 371 U.S. 178 (1962).

7
Graves v. Nye County, *et. al*.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

whether plaintiff has previously amended the complaint.'" *Id.*, at *1. "And, critically, 'the non-movant bears the burden of showing why an amendment should not be granted.'" C.M., *supra,* at *1 (D. Nev. Sept. 16, 2021) (*quoting* Senza-Gel Corp. v. Seiffhart, 803 F/2d 661, 666 (Fed. Cir. 1986)); see also DCD Programs, Ltd. V. Leighton, 883 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice"); United States for use and benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC, No. 219CV1602JCMEJY, 2020 WL 3643431, at 1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility"); Akinola v. Severns, No. 3:14-cv-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("The party opposing the amendment carries the burden of showing why leave to amend should not be granted").

### (2) Addition of Parties and Claim

"[T]he Ninth Circuit has recognized that where the identity of alleged defendants is unknown prior to filing a complaint, the plaintiff should be permitted to discover their identities through discovery," despite the fact that ""[t]here is no provision in the Federal Rules of Civil Procedure authorizing or expressly prohibiting the use of fictitious parties, i.e., parties named as Jane or John Doe, and Rule 10 requires a Plaintiff to include the names of the parties in the action in his complaint." Banks v. Joyce, No. 2:13-cv-00324-RCJ-PAL, 2015 WL 1137756, at *2 (D. Nev. Mar. 13, 2005) (*citing* Wakefield v. Thompson, 117 F.3d 1160, 1163 (9th Cir. 1999) (*citing* Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980))). Thus, in Banks, the district court allowed *pro se* plaintiff to amend her complaint where plaintiff "discovered the identity of the Doe Defendants through discovery, in a timely manner" and prior to the "court-imposed

8
Graves v. Nye County, *et. al.*
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

deadline" to do so.  Banks v. Joyce, 2015 WL 1137756, at *3 (D. Nev. Mar. 13, 2015).

### (3) Relation Back Of Amended Pleading – FRCP 15(c)

"Federal Rule of Civil Procedure 15(c) governs whether an amended pleading relates back to the date of an original pleading." Banks, at *3.  "An amended pleading may relate back to the date of the original pleading if 'the law that provides the applicable statute of limitations allows relation back.'" Id. (citing Fed. R. Civ. P. 15(c)(1)(A)).

"The Ninth Circuit recently held that Rule 15(c)(1) incorporates the relation back rules of state law 'when that state's law provides the applicable statute of limitations and is more lenient.'" Butler v. Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1198–1201 (9th Cir.2014). "Thus, because Nevada law provides the two-year statute of limitations applicable in this §1983 suit, the court must examine whether Nevada law permits relation back to amend doe pleadings." Id. See generally 42 U.S.C. § 1988; NRS 11.190(4)(e);2 see also Merritt v. Cnty. of Los Angeles, 875 F.2d 765, 768 (9th Cir.1989); Cabrales v. Cnty. of Los Angeles, 864 F.2d 1454, 1463–64 (9th Cir.1988) (stating that in § 1983 cases, the "length of the limitations period and closely related questions of tolling and application, are to be governed by state law") (internal citation and marks omitted).

On December 31, 2020, Plaintiffs filed their Complaint within two (2) years following Nekiylo's death at NNSS on January 28, 2019.

Plaintiffs' Complaint's First, Second, Third, Fourth, and Fifth[5] causes of action all

---

[5] Causes of Action alleged under 42 U.S. §1983: First (Fourth Amendment – Excessive Force – Kakavulias and Doe Defendants; Second (Municipal Ratification); Third (Municipal Liability –

9
Graves v. Nye County, et. al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

related to claims against Defendants Nye County and/or Kakavulias' violations of federal statute 42 U.S.C. §1983.  In Nevada, for "action upon liability created by statute, other than penalty or forfeiture" the statute of limitations is "within 3 years." Nev. Rev. Stat. §11.190(3)(a).[6]

Plaintiffs' Complaint's Six, Seventh, Eighth, and Ninth causes of action are Nevada tort claims for which the limitations period is two (2) years.[7] Nev. Rev. Stat. §11.190(4)(e).

"An amended pleading adding a defendant that is filed after the statute of limitations has run will relate back to the date of the original pleading under NRCP 15(c) if 'the defendant (1) receives actual notice of the action; (2) knows that it is the proper party; and (3) has not been misled to its prejudice by the amendment'." Costello v. Casler, 127 Nev. 436, 440-41, 254 P.3d 631, 634, 127 Nev. Adv. Op. 36 (Nev. July 7, 2011) (citing Echols v. Summa Corp., 95 Nev. 720, 722, 601 P.2d 716, 717 (1979)).  "[Nevada Rule of Civil Procedure] 15(c) is to be liberally construed to allow relation back of the amended pleadings where the opposing party will be put to no disadvantage." Id. (citing E.W. French & Sons, Inc. v. General Portland, Inc., 885 F.2d 1392, 1396 (9th Cir. 1989) ("[C]ourts should apply the relation back doctrine of [Federal] Rule

---

Inadequate Training against Nye Defendants and Roes); Fourth (Unconstitutional Custom, Practice, or Policy) and Fifth (Substantive Due Process).

[6] Even if the two (2) year limitation period applies, an analysis under Rule 15(c) is appropriate for purposes of determining whether claims relate back to the filing of the Complaint.

[7] Tort Causes of Action: Sixth (Negligence (Negligent Hiring, Negligent Retention, Negligent Supervision, Negligent Infliction of Emotional Distress against Defendants Nye County and Roe I)); Seventh (Negligence (Wrongful Death)); Eighth (Battery (Wrongful Death)); and Ninth (Intentional Infliction of Emotional Distress).

10
Graves v. Nye County, et. al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

15(c) liberally"); University & Cmty. Coll. Sys. v. Sutton, 120 Nev. 972, 988, 103 P.3d 8, 18-19 (2004)). "Modern rules of procedure are intended to allow the court to reach the merits as opposed to disposition on technical niceties." Id. (citing Schmidt v. Sadri, 95 Nev. 702, 705, 6012 P.2d 713, 715 (1979)). "A plaintiff's right to have his or her claim heard on its merits despite technical difficulties, however, must be balanced against 'a defendant's right to be protected from stale claims and the attendant uncertainty they cause.'" Id. (internal citation omitted).

"Certain circumstances may give rise to the imputation of notice and knowledge, from an original to a new defendant, for purposes of relation back." Costello, 127 Nev. at 441. "Courts are particularly amendable to imputing notice and knowledge when the new and original defendants share an 'identity of interest.'" Id. "[T]he fundamental idea is that when the original and new defendant 'are so closely related in their business operations or other activities [,] … institution of an action against one serves to provide notice of the litigation to the other." Id. (*citing* 3 James Wm. Moore, Moore's Federal Practice §15.19 [3][c] (3d ed. 2011)).

"The approach taken in these cases is consistent with the liberal construction give(s) to relation back in Nevada, and it furthers the mandate that the rules of procedure are intended to allow cases to be decided on the merits rather than on mere technicalities. It is also in harmony with the general principle that leave to amend 'shall be freely given when justice so requires.'" Id.

. . .

. . .

11
Graves v. Nye County, *et. al.*
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

A.     **TIMELY AMENDMENT IN ABSENCE OF BAD FAITH, UNDUE DELAY AND PREJUDICE SUPPORT GRANTING THIS MOTION**

Plaintiffs timely file this motion for leave to amend in compliance with the deadlines established in the Court's September 7, 2021 Order.  ECF No. 24.  Plaintiffs' motion will not cause undue delay and it's not being made in bad faith or with dilatory motive.  <u>Kreiser v. VS2R Engineering, Inc.</u>, No. 2:16-cv-01361-MMD-CWH, 2018 WL 6705531, at *4 (D. Nev. Dec. 20, 2018) (allowing plaintiff to amend complaint where it named "roe business entities as defendants in the caption").  Additionally, Defendants will not be prejudiced because they had actual and constructive notice of Plaintiffs' claims arising out the fatal officer involved shooting of Nekiylo at NNSS when they were investigated by government agencies, including the FBI.  On the other hand, Plaintiffs will be prejudiced if their amendment is disallowed because it will prevent Plaintiffs from pursuing the merits of their claims against *all* parties responsible or otherwise involved in the homicide of Nekiylo.

On the issue of prejudice, Defendant SOC and its employee, SPO Harris, undoubtedly had actual and constructive notice of federal and tort claims against Defendant Nye County and Kakavulias, as well as the role the Complaint alleged that SOC and Harris had in the actions of Defendants Nye/Kakavulias.  How?  Because Defendant SOC, its attorneys, officers, and/or other management representatives (as revealed in discovery) were part of the investigation into the fatal officer involved shooting of Nekiylo at NNSS.  Inexplicably, while Defendant SPO Harris was not interviewed by NVDP-ID, he was interviewed by the FBI with respect to this role in the fatal shooting of Nekiylo.  Defendant SPO Harris had his Union Representative present during this interview, as revealed in discovery.  Defendant SPO Harris and other SOC

12
Graves v. Nye County, *et*. *al*.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

employees were interviewed in relation to the fatal OIS.

Given the foregoing, there can be no credible claim of surprise or prejudice made by SOC or SPO Harris. There can also be no claim that Plaintiffs should have done more to discover the identity of these putative Defendants given that they [Plaintiffs] did in fact attempt to learn more about the death of Nekiylo but were thwarted in those efforts. *See* Exhibit B.

### C.   PLAINTIFFS ARE SEEKING TO ADD THE CORRECT PARTIES

As noted above, the identities of the additional parties in the FAC were unknown to Plaintiffs at the time of filing the initial Complaint on December 31, 2020. Plaintiffs did not have any investigative reports related to the fatal shooting of Nekiylo at NNSS because all of this information was in the custody, control, and possession of Defendant Nye County and other third-party investigative agencies, i.e., the FBI and NVDPS-ID. Therefore, Plaintiffs filed their Complaint properly naming "Roe" and "Doe" Defendants with enough specificity so as to provide notice of these claims to the Defendants, both named and unnamed. In fact, this lawsuit was reported upon by the media on January 7, 2021 (within 2-years of Nekiylo's death) providing constructive notice to both SPO Harris and SOC[8] that they may become defendants in this litigation. Given this undisputable fact, there can be no credible basis for either SPO Harris or SOC to claim surprise or prejudice.

. . .

. . .

---

[8] *See* https://www.8newsnow.com/news/local-news/federal-lawsuit-filed-in-iowa-mans-2019-death-inside-gate-at-nevada-national-security-site/

13
Graves v. Nye County, *et. al*.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

**D. THERE IS NO "FUTILITY OF AMENDMENT" ARGUMENT THAT CAN BE MADE IN THIS CASE BECAUSE STATE AND PRIVATE ACTOR LIABILITY IS CLEAR BASED UPON THE FACTS OF THIS CASE**

There is no futility of amendment because Plaintiffs' FAC asserts viable, cognizable, *prima facie* claims against Defendants who are both state and private actors. Defendant Nye County, the state actor, answered Plaintiffs' claims with denials and affirmative defenses.

As to the private actors, Defendants SOC and SPO Harris, courts recognize private actor liability under 42 U.S.C § 1983. Solomon v. Las Vegas Metropolitan Police Dept., 441 F.Supp.3d 1090, 1097 (D. Nev. Feb. 27, 2020). For purposes of establishing "private-actor liability" under §1983, where "there is such a close nexus between the State and the challenged action the seemingly private behavior may be fairly treated as that of the State itself." Id. "There are many tests that courts use to determine if a private actor is acting under state law…" Id. (analyzing the "public-function and joint-actor" test); *see also* Perez-Morciglio v. Las Vegas Metropolitan Police Dept., 820 F.Supp.2d 1100, 1108 (D. Nev. 2011) (discussing "joint action test" where a private actor is a "willful participant with the State or its agents in an activity which deprives others of constitutional rights") (*citing* Brunette v. Humane Society of Ventura County, 294 F.3d 1205, 1211 (9th Cir. 2002) (discussing "conspiracy between the State and a private party to violate another's constitutional rights may satisfy the joint action test")); United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539 (9th Cir. 1989) (holding that corporation and local law enforcement in small mining town were subject to liability under §1983 as joint conspirator along with local law enforcement); Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir. 1983) (holding that action taken by private individuals may be "under color of

14
Graves v. Nye County, *et. al.*
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

state law" where there is "significant" state involvement in the action).

The Ninth Circuit recognizes various criteria or tests to evaluate whether a private actor has engaged in "significant" state action for purposes of establishing 42 U.S.C. §1983 liability: (1) public function, (2) joint action, (3) compulsion or coercion, governmental nexus, and, most recently the "symbiotic relationship test." *See, e.g.* Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003); Brunette v. Humane Society of Ventura County, 294 F.3d 1205 (9th Cir. 2002).

Plaintiffs have asserted viable, cognizable, *prima facie* claims for violation of civil rights under 42 U.S.C. §1983 as to state actors (Nye County and DS Harris) and private actors (SOC and SPO Harris). *See* Exhibit A (incorporated by reference herein). Indeed, the proposed FAC details the close, interconnected, and symbiotic relationship between private security at NNSS and the NCSO (*see* Exhibit A, ¶¶ 14-136) such that it has satisfied the notice pleading requirement to allege private actor liability under §1983.

### E. CLAIMS AGAINST DEFENDANTS SOC AND SPO HARRIS RELATE BACK TO PLAINTIFFS' INITIAL COMPLAINT FILED ON DECEMBER 31, 2020 AND SHOULD BE ALLOWED

The claims set forth in the FAC against Defendants SOC and Harris relate back to the filing of Plaintiffs' Complaint on December 31, 2020. Defendants Nye County, DS Kakavulias, SOC and SPO Harris all share identity of interests as it relates to Plaintiffs' claims. As noted earlier, the initial Complaint identified Roe and Doe Defendants and specifically alleged claims sufficient to give notice to each. Defendants SOC and SPO Harris had actual and/or imputed knowledge of Plaintiffs' claims when (1) they were interviewed about events leading to Nekiylo's death by the FBI, (2) when a lawsuit was publicly filed in open court in December

15
Graves v. Nye County, *et. al*.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

2019 and (3) when that lawsuit was subsequently reported upon in early January 2021. All of these things occurred within 2-years of Nekiylo's death.

The FAC does not prejudice any of the Defendants because they each knew the identities of SOC and SPO Harris well before Plaintiffs were aware of the same. In fact, Plaintiffs attempted to discover the identities of SOC and SPO Harris prior to filing suit but were deliberately thwarted in those efforts. *See* Exhibit B. Stated in the simplest terms, there was nothing further Plaintiffs could do, short of filing this lawsuit, to discover the identities and roles played in the death of Nekiylo by SOC and SPO Harris.

Finally, there is no prejudice to Defendants SOC and SPO Harris by allowing the filing of the FAC because this motion to amend to add defendants and claims is timely filed. The facts of their respective involvement in the fatal shooting of Nekiylo were asserted in the initial Complaint.

## V.

## **CONCLUSION**

For all of the foregoing reasons, the Court should allow Plaintiffs to file their FAC.

Respectfully submitted,

/s/ *Paul S. Padda*

_____
Paul S. Padda, Esq.

*Attorney for Plaintiffs*

Dated: October 8, 2021

16
Graves v. Nye County, *et. al.*
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, the undersigned hereby certifies that on this day, October 8, 2021, a copy of the foregoing document entitled **PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** was served via the Court's electronic filing system, CM/ECF, upon all parties of record and their counsel.

/s/ *Paul S. Padda*

_____
Paul S. Padda, Esq.
PAUL PADDA LAW, PLLC

17
Graves v. Nye County, *et. al.*
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Plaintiffs' Motion For Leave To File A First Amended Complaint*
PPL# 202002-15-04

**PAUL PADDA LAW, PLLC**
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com