# EXHIBIT A

EXHIBIT A

PAUL S. PADDA, ESQ. (NV BAR # 10417)
Email: psp@paulpaddalaw.com
**PAUL PADDA LAW**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tel: (702) 366-1888
Fax: (702) 366-1940
Web: www.paulpaddalaw.com
**-and-**
MICHAEL LANIGAN, ESQ. (*Admitted Por Hac Vice)*
**LAW OFFICE OF MICHAEL LANIGAN**
318 East Fourth Street
Waterloo, Iowa 50703
Tele: (319) 236-2064

*Attorneys for Plaintiffs*

**PAUL PADDA LAW, PLLC**
**4560 South Decatur Blvd., Suite 300**
**Las Vegas, Nevada 89103**
**Tele: (702) 366-1888 • Fax (702) 366-1940**
**www.paulpaddalaw.com**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

ESTATE OF NEKIYLO DEWAYNE GRAVES, by and through Eureka Graves as next-of-kin, personal representative and appointed Special Administrator SHANNON L. EVANS; EUREKA GRAVES, an individual,

Plaintiffs,

vs.

NYE COUNTY, NEVADA, a political subdivision of the State of Nevada; JOHN KAKAVULIAS, an individual and employee of Nye County, Nevada; SOC NEVADA, LLC, a foreign limited liability company d/b/a SOC, LLC; TREQUIS HARRIS, an individual and employee of SOC Nevada, LLC; DOES I -X; ROES I-X,

Defendants.

Case No. 2:20-cv-2359-JAD-DJA

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR MONEY DAMAGES AND JURY TRIAL**

Plaintiffs, including the Estate of Nekiylo Dewayne Graves, by and through court-

1

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

appointed Special Representative Shannon L. Evans, and Eureka Graves, personal representative, next of kin, in her individual capacity, hereby allege the following in support of this Amended Complaint:

## I.

## INTRODUCTION

1. On January 28, 2019, at approximately 5:00 p.m. PST (1700), Nekiylo Dewayne Graves ("Nekiylo"), a then gainfully employed African American male from Iowa, was driving alone in a Kia Sedan, low on gas, in a remote desert area in Mercury, Nye County (65 miles from Las Vegas) when he approached the main gate of the Nevada National Security Site (NNSS), a U.S. Department of Energy (DOE) facility.

2. Driving at a normal pace, Nekiylo came to a full stop. At the time, Defendant SOC Nevada, LLC, ("SOC"), the contractor tasked to provide NNSS protective force security, employed "Security Police Officers" (SPOs), and had at least six to nine SPOs at or near the main gate. Nekiylo calmly asked an SPO where he could find gas. Defendant SPO Trequis Harris ("Harris") performed a walk-around inspection of Nekiylo's sedan. Neither SPO Harris nor any other SPO observed any weapons or contraband on Nekiylo's person or in his sedan. At least two other SPOs visually confirmed Nekiylo needed gas, observing that the low gas indicator light in his sedan was on.

3. The SPOs did not offer Nekiylo help or call for gas assistance. Instead, they told Nekiylo there were no gas stations nearby, that he could not be there, to turn around, and drive to Indian Springs - approximately 20 miles away – to get gas. Nekiylo started to comply,

2

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

reversed his sedan, but then drove through the gate, traveling down Mercury Highway inside NNSS.

4. Defendant Harris, armed with an SOC-issued rifle, pursued Nekiylo by SOC vehicle. Alerted to the pursuit, Defendant Nye County's Deputy Sheriff John Kakavulias (who was armed with a Nye County issued rifle upon which he had installed his personally owned red dot optic laser target scope and his personal 60 round assault weapon magazine) promptly responded to join SOC's vehicular pursuit.

5. The pursuit did not last long. Nekiylo got out of his sedan, after having been shot at once. Nekiylo did not make verbal threats to the officers, himself, or endanger any NNSS property. As Nekiylo slowly approached the officers, there were no reports of any officer announcing to Nekiylo that he was under arrest or any warning to Nekiylo that he would be shot if he came any closer. When Nekiylo was about 6 to 7 feet away, Defendants Harris and Kakavulais both fired their rifles at Nekiylo from close range.

6. The coroner ruled Nekiylo's death a homicide caused by multiple gunshot wounds. Nekiylo was a mere 27 years old at the time of his death.

## II.

## JURISDICTION AND VENUE

7. This is a civil action brought pursuant to the Civil Rights Act of 1871, codified at 42 U.S.C. § 1983 ("civil action for deprivation of rights") and pendant state law claims, including wrongful death, negligence and conspiracy, seeking damages against Defendants for committing acts, under color of state law, with the intent and purpose of depriving Nekiylo

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

3

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

Dewayne Graves of important rights secured under the Constitution and laws of the United States and for refusing or neglecting to prevent such deprivations and denials to Plaintiff. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 ("Federal Question") and § 1343(a) ("Civil Rights").

8. This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367, as such claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 as the actions described herein occurred in Nye County, Nevada and upon information and belief, Defendants are residents of this District and/or maintain a principal place of business in the State of Nevada.

**III.**

**PARTIES**

10. Decedent Nekiylo Dewayne Graves ("Nekiylo") was, at all relevant times herein, a citizen of the State of Iowa and a resident of Linn County, Iowa. He was an African American male who was approximately 27-years old at the time of his death.

11. Plaintiff Eureka Graves ("Plaintiff Graves") is an individual residing in the City of Waterloo, Iowa and is the mother of Nekiylo. Plaintiff Graves brings this civil action in her individual capacity as the mother of Nekiylo, in a representative capacity as a successor-in-interest to Nekiylo.

12. On September 15, 2021, the Eighth Judicial District Court, Clark County Nevada

4

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

entered an Order appointing Shannon L. Evans, Esq. as Special Administrator of the Estate of Nekiylo Dewayne Graves ("Estate"), deceased, pursuant to Nevada Revised Statute ("NRS") §41.085. *See* Exhibit 1 attached hereto. Plaintiff Graves seeks both survival and wrongful death damages and all other allowable damages under federal and state laws.

13. The Nevada National Security Site ("NNSS") is a United States Department of Energy ("U.S. DOE") installation located in a remote desert area in Mercury, Nye County, Nevada - located approximately 65 miles from Las Vegas, Nevada.

**DEFENDANTS NYE COUNTY & JOHN KAKAVULIAS**

14 Defendant Nye County is a political subdivision of the State of Nevada. The Nye County Sheriff's Office (NCSO) is and was the law enforcement agency operated and overseen by Defendant Nye County.

15. Defendant John Kakavulias ("Kakavulias") was a Deputy Sheriff employed by Defendant Nye County. He is sued in his personal, official, and individual capacities pursuant to applicable law.

16. During all times relevant to this suit, Defendant Kakavulias was acting under color of law and within the course and scope of his duties as a Deputy Sheriff employed by Defendant Nye County. Also, during all relevant time periods, Defendant Kakavulias was acting with the complete authority and ratification of his principals, including, but not limited to, Defendant Nye County, and is therefore an individual state actor.

17. Upon information and belief, and during all time periods relevant to this lawsuit, Defendant Kakavulias was a citizen of the State of Nevada and a resident of Nye County,

5
Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

Nevada.

18. During all time periods relevant to this lawsuit, Defendant Nye County was a "state actor" responsible for assuring that its actions, omissions, policies, procedures, practices, and customs, as well as its employees and agents, complied with the laws of the United States and the State of Nevada.

19. Defendant Nye County is responsible for, among other things, the administration and oversight of the NCSO. Defendant Nye County has a legal obligation to uphold important Constitutional rights guaranteed by the "Bill of Rights" which is made applicable to state actions by and through the Fourteenth Amendment to the United States Constitution and Nevada Constitution.

20. During all time periods relevant to this lawsuit, Defendant Nye County is and was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its Deputies, employees, agents, ostensible agents are responsible for complying with the laws of the United States and the State of Nevada.

**DEFENDANT SOC NEVADA, LLC**

21. During all time periods relevant to this lawsuit, Defendant SOC Nevada, LLC, also known as "SOC, a Day Zimmerman Company," or "SOC LLC" (collectively herein as "SOC") is a foreign limited liability company, authorized and doing business in the State of Nevada.

22. According the NNSS website, SOC was awarded a federal contract to provide security protective force and systems services at NNSS beginning on March 1, 2018, with a

6

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

total contract value of $202.94 million over 5 years if all options are exercised.

23. Upon information and belief, at all times relevant herein, Defendant SOC is a "contractor" as defined in 10 C.F.R. § 1047.3, under contract with the United States.

24. Under its federal contract, Defendant SOC is responsible for, among other things, providing protective force services, tactical training, physical security systems, labor relations, logistics support, records management, and security services as specified under U.S. DOE contract.

25. Defendant SOC provides protective force security services at NNSS through its Security Police Officers (SPO's), pursuant to its contract with the U.S. DOE and/or NNSS.

26. At all times relevant herein, and upon information and belief, the DOE contractually assigned and/or delegated primary responsibilities of providing protective force security services for NNSS to SOC, including but not limited to, hiring, training, equipping, and managing SOC "Security Police Officers" (SPO) pursuant to SOC's contract with the DOE and/or NNSS.

27. Upon information and belief, Defendant SOC's SPOs are, at all times relevant herein are: "persons authorized by the DOE to carry firearms," as set forth in 10 C.F.R § 1047.3(g); have "arrest authority" as set forth in 10 C.F.R. §1047.4 and §1047.5, respectively; and are limited in the "use of force" and "use of deadly force" as set forth in 10 C.F.R. §1047.6 and §1047.7, respectively.

28. In the above capacities, Defendant SOC is subject to mandates of 10 C.F.R. §1047, including, but not limited to, 10 C.F.R. §1047, concerning "Limited Arrest Authority

7

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

and Use of Protective Force Officers," including but not limited to 10 C.F.R. §1047.7, relating to the use of deadly force.

29. At all times relevant herein, Defendant SOC controls, manages, and oversees the day-to-day physical performance details of SOC employees working at the NNSS, including, but not limited to its SPOs. During all time periods relevant to this lawsuit, SOC supervised the day-to-day operations relating to protective force and security at the NNSS.

30. At all times relevant herein, and upon information and belief, SOC regularly and customarily engaged in a policy or practice of working jointly with and/or otherwise calling upon Defendant Nye County, its deputies, officers, and/or other Nye County law enforcement personnel to assist, join with, or work with SOC in the performance of SOC's responsibilities for protecting and securing the NNSS.

31. As a result of said custom, practice, and/or policy, the protection and security of NNSS, at all times relevant hereto, resulted in a joint or dual-response system or practice wherein Defendant Nye County law enforcement personnel and Defendant SOC security police officers/protective force personnel often, routinely, and/or regularly worked together to achieve a common law enforcement objective.

32. Upon information and belief, and at all times relevant herein, as part of this Nye County-SOC dual or joint response system or practice, Defendant SOC often, regularly and customarily delegated and delegates SOC's own arrest, apprehension, and use of force authorities under federal regulations, including, but not limited to, 10 C.F.R. §1047, and/or its contract with the U.S. DOE/NNSS to Defendant Nye County and its personnel, as it relates to

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

8

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

the protection and security of NNSS.

33. Upon information and belief, at all times relevant herein, Defendant Nye County has a custom, practice, and policy of working jointly and/or in unison with and/or assisting Defendant SOC and its SPOs in the protection and security of the NNSS. Similarly, Defendant SOC has a custom, practice, and policy of requesting, allowing, and/or condoning Defendant Nye County law enforcement personnel involvement, including the NCSO, to work in jointly and in unison with, assist, aid, and/or cooperate with Defendant SOC and its SPOs in performance of its federal and contractual obligations to protect and secure the NNSS.

34. At all relevant times herein, Defendant SOC is and was responsible for ensuring that the actions, omissions, policies, procedures, practices and/or customs of its employees, agents, SPOs, and other SOC personnel comply with SOC's contractual obligations, 10 C.F.R. §1047, other federal laws/regulations, and the U.S. and Nevada Constitutions.

**DEFENDANT TREQUIS HARRIS**

35. Upon information and belief and at all relevant times herein, Defendant Trequis Harris ("Harris"), is and was an individual, citizen of the State of Nevada, residing in Nye County, Nevada and employed as an SPO (Security Police Officer) with Defendant SOC.

36. Defendant SOC hired Defendant Harris as an SPO whose duties, upon information and belief, included, but were not limited to, providing protective force services at NNSS security gates , NNSS points of entry, and patrolling NNSS grounds for potential trespassers.

37. At all times relevant herein, Defendant SOC hired, trained, supervised, and

9

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

managed Defendant Harris in performance of his duties as an SPO.

38. Defendant SOC issued Defendant Harris a firearm, including, the rifle Defendant Harris had on his person at all times relevant herein.

39. Defendant Harris in his capacity with SOC is a "protective force officer" as defined by 10 C.F.R. § 1047.

40. Pursuant to 10 C.F.R. § 1047.4(a), Defendant Harris in his capacity with SOC as an SPO, at all times relevant herein, had "arrest authority for certain felonies and misdemeanors, and in circumstances involving "assaulting, resisting, or impeding certain officers or employees…[b]oth felony and misdemeanor level offenses may only be enforced by protective force officers that are federal employees." 10 C.F.R. §1047.4(a)(iii).

41. Pursuant to 10 C.F.R. §1047.7(a), Defendant Harris in his capacity as SPO with SOC may use deadly force "justified only under conditions of extreme necessity, when all lesser means have failed or cannot reasonably be employed." Moreover, when using a firearm, Defendant Harris shall, at all times relevant herein, be required to observe precautions including "a warning, e.g, an order to halt, shall be given, if feasible, before a shot is fired." 10 C.F.R. § 1047.7(a)(b)(1).

42. In acting jointly and in unison with Defendant Nye County, Defendant Harris is subject to civil liability as a private actor in the pursuit and use of excessive, unreasonable, and deadly use of force by firearms in the fatal shooting of Nekiylo at the NNSS.

43. As discovery continues, Plaintiffs are further informed and believes that there are or may be additional ROE Defendants identified in the caption herein as either corporation,

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

servant, agent, independent contractor, representative, related subsidiary, parent entity, group, partnership, holding company, owner, predecessor entity, successor entity, joint venture, related association, affiliate, insurer or business entity, the true names of which are currently unknown to Plaintiffs at this time. Additionally, Plaintiffs allege that they cannot currently ascertain the identity of each of the ROE Defendants and Plaintiffs will therefore seek leave of Court to amend this Complaint to insert the true names and capacities of ROE Defendants when they have been ascertained, together with appropriate charging allegations and to join such Defendants in this action.

44. Collectively, all Defendants (including DOE and ROE Defendants) herein shall be referred to as " DR Defendants." Upon information and belief, DR Defendants share a common vision, plan, scheme, strategy and goal. Accordingly, each DR Defendant is vicariously liable for the acts/omissions of the other DR Defendants. Plaintiffs further allege that, upon information and belief, each of the DR Defendants acted in concert and with such unity of interest that each shall be held jointly and severally liable for the conduct of the other. Each DR Defendant is liable under theories of *respondeat superior* and agency for the acts/omissions committed by its employees in the course and scope of their employment.

45. All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, ostensible agents, servants, and/or employees, all of whom at all relevant times herein were acting in cooperation with, jointly and in unison with, and/or within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the

11

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

acts complained of herein.

IV.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

46. On January 28, 2019, at approximately 5:00 p.m. (1700) PST, Nekiylo Dewayne Graves ("Nekiylo"), a 27-year-old African American male from Iowa, was driving by himself in a black Kia sedan on Mercury Highway in Nye County, Nevada located approximately 65 miles from Las Vegas.

47. Nekiylo was running out of gas when he drove up to and approached the NNSS main entry security gate, also known as "Gate 100."

48. Prior to Nekiylo arriving at the NNSS main gate, an off-duty SOC Security Police Officer (SPO) William Gomer reported observing Nekiylo driving in his sedan on the highway outside of the NNSS, whereupon SPO Gomer called over to the NNSS main gate and told SPO personnel to watch out for Nekiylo and his sedan. SPO Gomer did not notify the Nye County Sheriff's Office at that time.

49. Nekiylo drove up to and approached the NNSS main gate without speeding and at a basic, normal pace. His sedan came to a full stop at the gate.

50. When Nekiylo stopped at the NNSS main gate, there were approximately nine (9) SOC personnel at or near the vicinity of Gate 100, to wit: six (6) SPOS and three (3) SOC Lieutenants on duty as follows: SOC SPOs: Trequis Harris ("Harris"); Dalton Lau ("Lau"); Tyler Jones ("Jones"); Joseph Thurmond ("Thurmond"); Kyle Penrod ("Penrod"); and Jared Payne ("Payne") and SOC Lieutenants: SOC Lt. Troy Durocher ("Durocher"), Lt. Albert

12

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

Fischetti ("Fishetti") and Lt. Edward Sanez ("Sanez").

51. While stopped at the NNSS main gate, Defendant Harris inspected and conducted a visual search around Nekiylo's stopped vehicle.

52. While stopped at the NNSS main gate, Nekiylo asked an SOC SPO where he could find a gas station in the area.

53. While stopped at the main NNSS gate, at least two SPOs visually confirmed Nekiylo's sedan was low on gas, to wit: SPO Jones and SPO Payne both observed inside his sedan and that the low gas indicator light inside Nekiylo's sedan was on/lit.

54. While stopped at the NNSS main gate, SOC SPO Jones asked Nekiylo for his credentials to pass through the gate, but he had none.

55. While stopped at the NNSS main gate, none of the SPOs reported observing any weapons, guns, knives, and/or brass knuckles on Nekiylo's person or within Nekiylo's vehicle.

56. While stopped at the NNSS main gate, Nekiylo did not make any specific or general verbal threats to the NNSS facility or property, to the SPOs, to himself, to others, or any other person, to wit:

a) SOC SPO Payne reported Nekiylo was "not acting aggressive;"

b) SOC SPO Penrod reported the "interactions seemed calm, but like he (Nekiylo) didn't understand what the security was saying to him;"

c) SOC SPO Jones reported, "[w]hen (Nekiylo) pulled up that the gate, he was speaking coherently and normally…(he) was calm and it was believed he actually wanted to find a gas station;"

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

13

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

d)      SOC SPO Thurman reported Nekiylo "seemed worried he would run out of gas, due to his gas light being on;"

e)      SOC SPO Lau reported Nekiylo's car approached the NNSS main gate at a "basic normal pace," "not speeding," and "acting like he was lost and needed a gas station."

57.     While Nekiylo was stopped at the gate, low on gas in a remote desert area and asking for a nearby gas station, none of the SPOs offered Nekiylo any assistance, gas or help with getting Nekiylo's sedan to the nearest gas station.  The SPOs each knew, or should have known, that the closest gas station was approximately 20 miles from the main gate.

58.     Instead of offering help, an SPO told Nekiylo that he could not be there and there was no gas station nearby.  An SPO told him to back-up his vehicle, reverse, turn around, and go to Indian Springs to get gas.

59.     Upon information and belief, Nekiylo knew that he would run out of gas and would not reach the nearest gas station at Indian Springs.

60.     When asked to leave the gate, SPO Thurman reported that Nekiylo "was communicating and listening to the officers," and that Nekiylo "began to comply and was backing up," but then drove through the NNSS main gate, whereupon an SOC security police officer referred to Nekiylo as a "gate runner."  The SPOs reported that Neykilo allegedly said to them, "What if I don't?" before running the gate.

61.     When Nekiylo "ran" the gate, the SPOs, including Defendant Harris, knew or otherwise should have known that Nekiylo's vehicle was running low on gas and would not make it very far down Mercury Highway within the NNSS facility.

14

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

62. One NNSS employee/witness present near the main gate during this time, P.B., reported that he saw Nekiylo go through the gate and reported to have overheard one of the SPOs at the NNSS main gate call out-loud, "he (Nekiylo) won't get far," because "he was almost out of gas."

63. Upon information and belief, SOC failed, refused, neglected to perform its protective force security duties, including, but not limited to:

a) Failing to install and/or otherwise activate certain protective security devices, such as retractable barriers or retractable in-ground tire punctures or tire spikes on at or near the NNSS roadway, in the event an unauthorized vehicle forcibly passed through the main gate so as to dissuade, prevent, slow down, control, disable, and/or or stop any unauthorized vehicles from continuing past the NNSS main gate and proceeding any further down into Mercury Highway towards the NNSS facilities;

b) NNSS speed bumps installed at or near the NNSS main gate were inadequate, deficient, and/or defective in their ability to stop, slow and/or otherwise prevent unauthorized vehicles, such as trespassing vehicles or "gate runners" from proceeding into NNSS facility and traveling further down Mercury Highway inside NNSS.

64. Immediately after Nekiylo ran the gate, Defendant Harris, armed with his SOC-issued rifle, and SPO Lau, pursued Nekiylo in an SOC vehicle, traveling behind Nekiylo on Mercury Highway inside the NNSS.

65. Another SPO vehicle, transporting SPO Lt. Durocher and SPO Lt. Sanez, joined Defendant Harris' vehicular pursuit of Nekiylo on Mercury Highway inside the NNSS.

66. At or around the same time that Nekiylo's sedan was reported as a "gate runner" or had otherwise "run" the gate, there were radio communications which alerted other SOC SPOs and personnel and/or Defendant Nye County law enforcement personnel.

15

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

67. Upon information and belief, SPO personnel contacted or radioed Defendant Nye County law enforcement personnel or dispatched for assistance and/or Defendant Nye County law enforcement personnel otherwise monitored SPO radio communications and having heard SPO radio communications, Defendant Nye County law enforcement personnel immediately responded to assist SOC security police officers in their pursuit of Nekiylo inside the NNSS.

68. Upon learning of the NNSS pursuit, Defendant Kakavulias and Nye County Lt. Chris Jordan, got into a Nye County/SCSO vehicle with emergency lights activated, responded together with other Nye County law enforcement personnel in joining SOC personnel in the active pursuit of Nekiylo inside the NNSS facility.

69. Upon information and belief, there were at least four (4) vehicles in joint and coordinated vehicular pursuit of Nekiylo inside the NNSS on Mercury Highway, to wit: SOC vehicle with Defendant Harris/SPO Lau; Nye County vehicle with Defendant Kakavulais/Lt. Jordan, one other SOC vehicle and one other Nye County vehicle.

70. At all times relevant herein, Defendant Kakavulias was armed with a Nye County/NCSO issued "New Frontier Armory" Patrol 15, .223 Rifle (Serial No. NYE030), upon which Defendant Kakavulias had mounted and installed his personally owned "AimPoint" Red Dot optic laser target scope which its manufacturer boasts: "… when the dot is on the target, so are you. Aimpoint red dot sights increase confidence by allowing the shooter to focus on the target while keeping both eyes open, fully situationally aware at all times. Users can achieve first round hits faster with greater confidence." See Aimpoint® Red Dot Sights, *Quality Reflex*

16

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

*Optics Made in Sweden*, available at https://www.aimpoint.com/products/red-dot-sights.

71. At all times relevant herein, Defendant Kakavulias' also equipped his Nye County-issued rifle with his personally owned sixty (60) round drum magazine, a type of formerly banned, high-capacity ammunition storage and feeding device for repeating firearms which are attached either internally or externally to high power assault rifles.

72. At all times relevant herein, Defendant Kakavulias and other Nye County law enforcement personnel were not wearing body-worn cameras and/or otherwise disabled or de-activated the same during their pursuit of Nekiylo.

73. At all times relevant herein, Defendant Kakavulias and other Nye County law enforcement personnel did not have a weapon-mounted camera on any Nye County issued rifle and/or otherwise disabled and/or de-activated the same in their pursuit of Nekiylo.

74. At all times relevant herein, Defendant Kakavulias Nye County vehicle did not have a dash or vehicle mounted camera installed and/or otherwise deactivated or disabled the same in the pursuit of Nekiylo.

75. At all times relevant herein, Defendant Kakavulias reported that he did not have his Nye County issued taser gun on his person, and investigators subsequently reported that Defendant Kakavulias was observed to have had an empty taser gun holster on his belt attached to his person.

76. Approximately eight miles from the NNSS main entry gate, Nekiylo's sedan pulled over, came to a stop, and Nekiylo exited and stood next to his sedan. This would be Nekiylo's first stop.

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

17

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

77. At or around this time, another NNSS employee/witness, R.B., reported seeing police lights in the road from a distance and "an unidentified male was out of the car. The male was waving his hands ...(he) looked like a black gentleman."

78. At or around this time, an NNSS employee/witness present near the scene and interviewed, C.R., reported seeing an "unidentified black male, wearing a gray shirt and jeans, approximately 6 feet tall, standing outside a dark colored sedan...waving his hand 'erratically' in the air ..."

79. Defendant Kakavulias, Lt. Jordan, Defendant Harris, and SPO Lau stopped their pursuing vehicles behind Nekiylo's vehicle.

80. Defendant Harris reported that Defendant Kakavulias shot one round from his rifle towards Nekiylo's vehicle.

81. Nekiylo got back into his vehicle and continued to drive down Mercury Highway inside the NNSS. At or around the same time, the NNSS employee/witness interviewed, P.B., reported hearing a loud pop, and the male was taking off in his car." Nekiylo's sedan did not get far.

82. Approximately one to two minutes after the first shot towards his sedan, Nekiylo's vehicle came to a gradual second stop on Mercury Highway inside NNSS.

83. With Nekiylo stopped, Defendant Kakavulias' vehicle stopped behind Nekiylo's vehicle. Defendant Kakavulias got out and positioned himself behind his Nye County vehicle with this rifle.

84. Defendant Harris' SOC vehicle also came to a stop, and Defendant Harris, armed

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

18
Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

with his rifle, ran over and joined Defendant Kakavulias who had his Nye County rifle behind the Nye County vehicle where Defendant Kakavulias was positioned.

85. After stopping his sedan, Nekiylo got out and slowly started walking towards Defendant Kakavulias and Defendant Harris.

86. As he approached the officers, Nekiylo did not make verbal threats to NNSS property, his life, the life of the pursuing law enforcement and private security personnel as he slowly walked towards Defendants Kakavulais and Harris.

87. Defendant Nye County law enforcement personnel and Defendant SOC SPO's at the scene, including Defendants Kakavulias and Harris, did not announce to Nekiylo that they were law enforcement officers, that Nekiylo was being placed under arrest for trespass and/or for failing to stop on signal of a police officer.

88. At or around this time, a witness and NNSS employee at or near the scene, R.M., reported seeing a "man walking normal towards the officers…hands were at his sides" visible.

89. When Nekiylo was approximately six to eight feet in front of Defendant Kakavulias' vehicle, Defendants Kakavulias and Harris fired multiple shots from their assault rifles at Nekiylo, inflicting fatal injuries. Nekiylo fell to the ground face forward and lay motionless.

90. Prior to shooting Nekiylo, Defendant Harris reported to FBI investigators that he told Defendant Kakavulias that Nekiylo was getting "too close," and the Defendant Kakavulias needed to take a shot.

91. Prior to shooting Nekiylo at close range, neither Defendant Kakavulias and/or

19
Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

Defendant Harris, or any other Nye or SOC officer at the scene, verbally warned or announced to Nekiylo that they would shoot him or that Nekiylo would be shot if he came any closer to the officers, before they fired their weapons at him.

92. Defendant Harris reported to FBI investigators that he fired one round from his rifle, which hit Nekiylo in the upper chest. Defendant Harris further reported that after Nekiylo fell to the ground, Defendant Kakavulias and Harris both approached Nekiylo's body.

93. Thereafter, Defendant Harris took his SOC issued handcuffs and secured them on Nekiylo's wrists because Defendant Kakavulias did not have his handcuffs on his person.

94. After the fatal OIS shooting, Defendants did not perform a formal "round countdown" procedure which, upon information and belief, is a procedure, practice, policy and/or custom in all officer involved shooting incidents whereby the number of bullet rounds fired by officers' weapons/firearms are immediately counted and documented.

95. The coroner ruled Nekiylo's death a homicide from "multiple gunshot wounds," with bullet wounds to his left upper chest, left medial chest, and abdomen. Nekiylo also had abrasions on his face and left elbow.

96. Defendant Kakavulias reported that he was the only Nye County law enforcement personnel to have discharged a firearm at Nekiylo. However, the bullet retrieved from Nekiylo's body "could not be conclusively identified as having been fired from (Kakavulias) new armory rifle due to insufficient markings and damage."

97. Defendant Harris reported that he was the only SOC personnel who discharged a firearm at Nekiylo.

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

20

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

98. At all times relevant herein, none of the SOC SPOs or SOC personnel in pursuit of Nekiylo at NNSS had body-mounted cameras on their persons or on their SOC vehicles.

99. Due to the lack of body camera footage and failure of personnel present to conduct a formal "round countdown" procedure, investigators were unable to determine how many rounds were fired from Defendant Harris and/or Defendant Kakaluvias' rifles.

100. Immediately after the fatal OIS of Nekiylo at NNSS, there were no photographs taken of the involved Nye County deputies present at the scene, including, Defendant Kakavulias or of the SOC SPO's present at the OIS, including, Defendant Harris.

101. Immediately after the fatal OIS of Nekiylo at NNSS, Defendants Nye County and SOC did not immediately request investigative assistance of Nevada Department of Public Safety-Investigative Division (NVDPS-ID), as is customary.

102. Upon information and belief, Defendant SOC did not conduct its own internal investigation of the fatal shooting involving Defendant Harris.

103. Upon information and belief, neither Defendant Nye County nor NCSO conducted its own investigation, separate of one another, of the fatal OIS shooting.

104. When the NVDPS-ID finally conducted its investigation of the fatal OIS of Nekiylo, its investigators did not interview Defendant Harris, who subsequently provided a statement to and/or interview to the Federal Bureau of Investigation (FBI).

105. The final NVDPS-ID OIS Report identified that both the contract security officer (Defendant Harris) and NCSO Deputy Defendant Kakavulias as the individuals who fired upon (Nekiylo), killing him.

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

21

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

106. Upon information and belief, in pursing Nekiylo, using excessive, unreasonable, and deadly force upon Nekiylo, under the facts set forth above, Defendants were motivated by racial or other invidiously discriminatory animus or stereotypes based on Nekiylo's race and racial appearance (African American male with "dreadlocks" hair).

107. It is well known in the United States that encounters between African American civilians and law enforcement, even in the most innocuous and routine matters, can often turn deadly for the civilians.

108. Upon information and belief, at all times relevant herein, Defendants Nye County employees and officers provided significant overt and/or covert, direct and/or indirect, encouragement to Defendant SOC and its SPOs and one another such that actions of SOC and its SPOs are that of the Nye County in the fatal OIS of Nekiylo.

109. Upon information and belief, at the time they both fired upon Nekiylo with their rifles, Defendant Harris and Kakavulais were unaware that Nekiylo had any prior criminal history.

110. Upon information and belief, Defendant Harris unreasonably failed, refused, and/or neglected to use means lesser than deadly force to arrest and/or otherwise contain any threat Nekiylo posed, if there was any such threat at all, justifying use of deadly force firearms by Defendants.

111. Following the fatal OIS of Nekiylo at NNSS, FBI interviews reported Nekiylo talked to his mother, Eureka regularly. Nekiylo was well-liked by his co-workers of over a year, that Nekiylo was "hardworking and good humored," "generally smiling at work," took

22

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

care of himself by going to the gym, and had a keen "interest in physical fitness and weight training," was "one of the better workers that (his employer) had in (his) position…(Nekiylo) had a positive attitude," was "good worker and friendly," and did not express an interest in going to NNSS, and did not display any unusual, changed behavior in the days leading up to his death.

112. Following the fatal OIS of Nekiylo at NNSS, subsequent warrants and internet searches failed to disclose any evidence indicating that Nekiylo was a "terrorist" or had otherwise made specific or general plans to harm persons or property at NNSS or elsewhere.

**State Actor Violations of Policy**

113. Upon information and belief, Defendant Kakavulias failed to fill out Use of Force reports.

114. Filling out Use of Force reports is a normal practice or custom for Defendant Nye County officers, and upon information and belief, Defendant Nye County does not discipline officers for failing to document their use of force. Filling out Use of Force reports are a well-established best practice for law enforcement entities.

115. Defendant Nye County failed, refused, and/or neglected to require or ensure that Defendant Kakavulias wore a body camera on his person at the time of Decedent's fatal shooting thereby preventing Plaintiffs from viewing contemporaneous digital/video recordings of events leading up to, during, and after the fatal OIS resulting in Decedent's death, and that said body camera video footage would have corroborated or disproved Defendant Nye County and/or Defendant SOC's version of facts surrounding Nekiylo's homicide.

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

23

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

116. Defendant Kakavulias failed, refused, and/or neglected to wear a body camera on his person at the time of Decedent's shooting thereby preventing Plaintiffs from viewing contemporaneous digital/video recordings of events leading up to, during, and subsequent to the fatal OIS resulting in Decedent's death, which would have corroborated or disproved Defendant Nye County and Defendant SOC's version of facts surrounding Nekiylo's homicide.

117. Defendant Kakavulais installed his personally owned "AimPoint red-dot optic laser" on his Nye County-issued New Frontier Armory, Patrol 15, .223 Rifle, that was used by Defendant Kakavulais in the unjustified killing of Nekiylo at NNSS;

118. Defendant Kakavulias installed his personally owned sixty round drum-magazine on his Nye County-issued New Frontier Armory, Patrol 15, .223 Rifle, as discharged by Defendant Kakavulias at Nekiylo in the fatal OIS;

119. Defendant Kakavulias negligently and/or intentionally failed or refused to equip himself with a taser gun when he received notice of the incident at NNSS and began pursuit of Nekiylo at NNSS;

120. Upon information and belief, Defendant Nye County had a normal custom or practice of requiring its deputies, including Defendant Kakavulias, to wear body cameras, have their tasers with them at all times, particularly when responding to incidents, and/or Defendant Nye County otherwise had a policy or practice of selectively disregarding the requirement for its deputies to wear body cameras or their taser guns to Plaintiffs' damage and detriment and to detriment of public interests in law enforcement transparency and accountability in law enforcement.

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

24
Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

121. Upon information and belief, Defendant Nye County had a custom, policy or practice of requiring its deputies, including Defendant Kakavulias, to carry on their persons while on duty both their firearms and other non-lethal weapons, such as tasers or pepper spray, in responding to incidents and/or Defendant Nye County and its employees otherwise had a custom, policy or practice of selectively disregarding or enforcing the requirement of carrying both firearms and non-lethal weapons in responding to incidents, resulting in Nekiylo's death by deadly firearm force.

122. Upon information and belief, Defendants Nye County and SOC did not conduct a meaningful, thorough investigation into the unjustified killing of Neykilo, despite their awareness of it and despite such after-incident investigations being best practice for law enforcement entities, including, but not limited to:

a) failing, refusing, and/or neglecting to perform a "round countdown" or "formal countdown procedure" that would have assisted in determining facts material to investigation;

b) failing, refusing, and/or neglecting to take photographs of the involved officers, including Defendants Harris and Kakavulias, at the scene of the OIS;

c) failing, refusing, and/or neglecting to immediately obtain a statement or interview concerning the OIS from Defendant Harris;

d) failing, refusing, and/or neglecting to immediately request the investigative assistance of the Nevada Department of Public Safety – Investigative Division (NVDPS-ID) immediately following the fatal officer

25
Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

involved shooting;

e) failing, refusing, and/or neglecting to provide audible dispatch recordings of the events related to the fatal OIS;

**State Actor Excessive Force Violation**

123. On January 28, 2019, Nekiylo had a clearly established constitutional right to be free from excessive force.

124. Nekiylo did not have a firearm, was not fleeing in the aftermath of the final stop and walked non-aggressively towards the officers, posing no imminent threat to any law enforcement personnel on the scene.

125. Defendant Kakavulias knew or reasonably should have known of the danger he placed Nekiylo in by firing his weapon at him.

126. Defendant Kakavulias' actions constituted unjustifiable and excessive lethal force.

127. Defendant Nye County's actions deprived Nekiylo of his right to be free from excessive force and they were motivated by an unconstitutionally enforced policy, pattern or practice, or custom employed by Defendant Nye County.

128. Defendant Nye County does not enforce its policies governing use of force and/or deadly force; it does not properly document incidents of force; it does not investigate allegations of excessive force; does not mandate that its officers wear body cameras or carry less lethal weapons such as taser guns or have patrol vehicle cameras when responding to incidence; and it engages in a policy, pattern or practice, or custom of failing to reprimand or

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

26

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

discipline any officer for use of excessive force. Defendant Nye County's failure to address excessive force by its officers and Defendant Nye County's failure to oversee NCSO and its employed officers and deputies' acts, and omissions constitutes tacit approval to the use of excessive force.

129. Defendants Nye County and Kakavulais were state actors acting under color of state law.

130. Defendant Nye County has a policy or practice of allowing or condoning the common practice or custom of its deputies and/or officers to install their own personal equipment of unknown effectiveness, appropriateness and/or legality, such as red-dot scope lasers, on state-issued firearms and of using their own personal magazines for state-issued weapons.

131. At all times relevant herein, Defendant Nye County and its employees and officers actively aided, assisted, and collaborated with SOC in the execution of SOC's protective force duties at the NNSS.

**Private Actor Liability**

132. At all times relevant hereto, Defendants SOC and Harris failed, refused, and/or otherwise neglected to comply with government regulations and/or contractual specifications during performance of their federal contract, including but not limited to:

a) Failing, refusing, and/or neglecting to activate and/or install widely available protective security barriers such as in-ground retractable tire spikes or tire punctures to prevent trespassing vehicles, unauthorized vehicles, and/or "gate runners" in

27

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

vehicles from proceeding past the NNSS main gate and proceeding down Mercury Highway;

b) Failing, refusing, and/or neglecting to comply with federal government regulations pertaining to the use of force, arrest authority, and/or use deadly force;

c) Assisting, aiding, and/or abetting wrongful acts of Defendant Nye County in use of excessive, unreasonable, and deadly force that resulted in the unjustified killing of Nekiylo Graves;

d) Willfully, significantly participated and/or substantially cooperated in a joint activity with Defendant Nye County in the pursuit of Neykilo and the use of excessive, unreasonable and deadly force against the same;

133. Defendants SOC and its SPOS and other personnel knew or otherwise should have known that Defendant Nye County in recent years was involved in a number of fatal OIS incidents, but nonetheless promptly called-upon, condoned, and/or allowed Defendant Nye County deputies to enter NNSS facilities and use unreasonable, excessive, and deadly force against Nekiylo at NNSS.

134. Defendant SOC failed, refused and/or neglected to use less lethal means of force with respect to Nekiylo, resulting in his death by multiple gunshots.

135. In dereliction of its contractual responsibility, Defendant SOC failed, refused and/or neglected to exercise its own arrest authority with respect to the incident involving Nekiylo.

136. Defendant SOC refused to assist or call for assistance for a motorist low on gas

28
Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

in a remote area of the Nevada desert and instead callously directed the motorist to drive over 20 miles through the desert, when they knew or otherwise should have known that the motorist would not make it to the gas station and would become stranded on the highway.

**V.**

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)**
**(Against All Defendants)**

137. All previous paragraphs are incorporated herein by reference as though fully set forth herein.

138. Plaintiffs make a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment of the U.S. Constitution as applicable against state and private actors, under the facts and circumstances of this case.

139. The Fourth Amendment does not permit Defendants to use excessive force.

140. Defendants used excessive and unreasonable force against Nekiylo when they shot and killed him.

141. Defendants' use of deadly force against Nekiylo was not reasonable under the circumstances and was excessive.

142. Defendants' unjustified shooting deprived Nekiylo of his right to be secure in his person against unreasonable searches and seizures as guaranteed by the Fourth Amendment and as applied to state actors by the Fourteenth Amendment.

143. The conduct of Defendants was willful, wanton, malicious, and done with

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

29
Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

reckless or callous indifference to the federally protected rights of others, reckless disregard for the rights and safety of Nekiylo and, therefore warrants the assessment of compensatory, exemplary, and all other allowable damages, including, attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 (Municipal Liability-Ratification)**
**(Against Defendant Nye County)**

144.    All previous paragraphs are incorporated herein by reference as though fully set forth herein.

145.    Defendant Kakaluvais, the individual state-actor acted under color of law.

146.    Defendants deprived Nekiylo and Plaintiffs of their particular rights under the United States Constitution through the actions and/or inaction of Defendant Kakavulais.

147.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of the individual state-actor Defendants, including Defendant Kakavlulais, ratified the individual state-actor Defendants' acts and the basis for them.  Upon information and belief, the final policymaker knew of and specifically approved of the individual state-actor Defendants' acts.

148.    Upon information and belief, a final policymaker has determined (or will determine) that the acts of the individual state-actor Defendants were "within policy."

149.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, guidance and past and future support of Nekiylo.  The aforementioned acts and omissions also caused Nekiylo's pain and suffering, loss of enjoyment of life, and death.

30

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

150. Accordingly, Defendant Nye County is liable to Plaintiffs for compensatory, exemplary and all other allowable damages and under 42 U.S.C. § 1983 and applicable laws, including, attorneys' fees and costs.

151. Plaintiff Graves brings this claim as a successor-in-interest to Nekiylo and seeks both survival and wrongful death damages under this claim. Plaintiffs also seek attorneys' fees and costs under this claim.

**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983 (Municipal Liability-Inadequate Training)**
**(Against Defendant Nye County)**

152. All previous paragraphs are incorporated herein by reference as though fully set forth herein.

153. Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of their duties is based upon a policy or custom that deprives individuals of their Constitutional rights.

154. The individual state-actor Defendants acted under color of law.

155. The individual state-actor Defendants deprived Nekiylo and Plaintiffs of their particular rights under the United States Constitution.

156. The training policies of Defendant Nye County were not adequate to train its deputies to handle the usual and recurring situations with which they must commonly deal.

157. Defendant Nye County was deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

158. At all times relevant herein, the Defendant Nye County had a duty to properly

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

31
Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

train, supervise, and discipline their employees and agents.

159. Upon information and belief, the Defendant Nye County breached that duty, in part by (a) improperly training, authorizing, encouraging or directing officers on the proper use of force; (b) failing to investigate allegations of excessive force; and (c) failing to discipline officers for violations of policy related to their exercise of excessive force.

160. The failure of Defendant Nye County to provide adequate training caused the deprivation of Plaintiffs' rights by the individual state-actor Defendants; that is, the failure to train is so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

161. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, guidance and past and future support of Nekiylo. The aforementioned acts and omissions also caused Nekiylo's pain and suffering, loss of enjoyment of life, and death.

162. Accordingly, the Defendant Nye County is liable to Plaintiffs for compensatory, exemplary and all allowable damages under 42 U.S.C. § 1983 and applicable laws, including, attorneys' fees and costs.

163. Plaintiff Graves brings this claim as a successor-in-interest to Nekiylo and seeks both survival and wrongful death damages under this claim. Plaintiffs also seek attorneys' fees and costs under this claim.

. . .

. . .

32

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

**FOURTH CAUSE OF ACTION**
**42 U.S.C. § 1983 (Unconstitutional Custom, Practice or Policy)**
**(Against Defendants Nye County And SOC)**

164. All previous paragraphs are incorporated herein by reference as though fully set forth herein.

165. The Defendants and each of them, acted under color of law. Defendant Nye County as a political subdivision of the State of Nevada is a "state actor." Defendant SOC, in acting jointly and/or in cooperation with Defendant Nye County, at all times relevant herein, is subject to private actor liability under 42 U.S.C. § 1983.

166. The Defendants and each of them acted pursuant to a policy or a longstanding practice or custom of the Defendant Nye County.

167. Upon information and belief, Defendants and each of them were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Nekiylo's death.

168. The Defendants and each of them, including their policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

a. using unjustifiable excessive force, including unjustifiable excessive deadly force; and

b. providing inadequate training regarding the use of deadly force;

c. employing and retaining individuals such as the individually named Defendants, whom the Defendants, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

d.      inadequately supervising, training, controlling, assigning, and

        disciplining their personnel, including the individual Defendants, whom

        the Defendants Nye County and SOC knew or in the exercise of

        reasonable care should have known had the aforementioned propensities

        and character traits;

e.      maintaining grossly inadequate procedures for reporting, supervising,

        investigating, reviewing, disciplining and controlling misconduct by their

        personnel, including individual Defendants;

f.      failing to adequately discipline their personnel, including Defendants, for

        the above-referenced categories of misconduct, including "slaps on the

        wrist", discipline that is so slight as to be out of proportion to the

        magnitude of the misconduct, and other inadequate discipline that is

        tantamount to ignoring and/or encouraging misconduct;

g.      encouraging, accommodating, or facilitating a "code of silence", pursuant

        to which police officers do not report other officers' errors, misconduct,

        or crimes.  Pursuant to this code of silence, if questioned about an

        incident of misconduct involving another officer, while following the

        code, the officer being questioned will claim ignorance of the other

        officers' wrongdoing.

h.      maintaining a policy of inaction and an attitude of indifference towards

        soaring numbers of police shootings and beatings, including by failing to

34

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

discipline, retrain, investigate, terminate, and recommend deputies for criminal prosecution who participate in shootings and beatings of unarmed people;

i. maintaining a policy of responding to incidents occurring on federal facilities, such as the NNSS, when called upon to do so by Defendant SOC, or other contractors, despite actual and/or constructive knowledge that Defendant SOC had its own protective force officers authorized to secure and/otherwise respond to incidents occurring at and within NNSS controlled areas;

j. condoning and allowing the custom and practice of Nye County deputies and officers use of their own personal magazines for use on Nye County issued weapons;

k. condoning and allowing the custom and practice of Nye County deputies and officers of installing their own personal equipment, such as "red-dot" laser sign scopes on Nye County issued rifles;

l. the custom and practice of Defendant Nye County in allowing and authorizing its employees, deputies, and officers to work in unison with, jointly in cooperation or tandem with SOC security officers and SOC personnel with respect to incidents occurring within the confines of the federal facility, NNSS.

m. Defendant Nye County's policy of assuming duties of Defendant SOC as

35

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

private security officers subject to federal regulations with respect to SOC SPOs powers of arrest, use of force and/or deadly force.

n. Defendant SOC's policy of condoning, allowing, and/or otherwise encouraging Defendant Nye County and its deputies and other law enforcement personnel to perform duties within NNSS that are the responsibility of SOC and its SPOs.

169. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, of each Defendants Nye County and SOC, including individual Defendants, acted with intentional, reckless, and callous disregard for the life of Nekiylo and for Nekiylo and Plaintiffs' constitutional rights.

170. The condoning of misconduct and the failure to end these aforementioned policies, pattern of practices or customs was a direct and proximate cause of Plaintiffs' injuries.

171. The Defendant entities and/or individuals, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Nekiylo, Plaintiffs and other individuals similarly situated.

172. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts of one another acting in concert with one another and of the individual

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

36

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

Defendants acted with intentional, reckless, and callous disregard for the life of Nekiylo and for Nekiylo's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by the Defendant entities and the individual Defendants were affirmatively linked to and were a significantly influential force behind the injuries of Nekiylo and Plaintiffs.

173. These policies, pattern or practice or customs of condoned misconduct are tacitly or overtly sanctioned, as evidenced by the conduct of the individual Defendants and the Defendant entities' failure to train, supervise, investigate, and discipline the individual Defendants or any other of its officers or employees involved in the incident at issue in this Amended Complaint, constituting a deliberate indifference to Nekiylo's constitutional rights.

174. This unconstitutional behavior was carried out pursuant to certain policies, patterns of practices, or customs, whether formal or informal, which violate the constitutional rights of persons situated such as Nekiylo, constituting reckless or callous indifference to the federally protected rights of others.

175. The Defendant entities failed to take sufficient remedial actions to end these policies, patterns or practices, or customs by Defendant Nye County, its NCSO, Defendant SOC and its SPOs.

176. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, guidance and past and future support of Nekiylo. The aforementioned acts and omissions also caused Nekiylo's pain and suffering, loss of enjoyment of life, and death.

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

37

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

177. Accordingly, the Defendant entities, and each of them, are jointly and severally liable to Plaintiffs for compensatory, exemplary, and all other allowable damages under 42 U.S.C. § 1983 and applicable laws, including, attorneys' fees and costs.

178. Plaintiff Graves brings this claim as a successor-in-interest to Nekiylo and seeks both survival and wrongful death damages under this claim. Plaintiffs also seek attorneys' fees and costs under this claim.

**FIFTH CAUSE OF ACTION**
**42 U.S.C. § 1983 (Substantive Due Process)**
**(Against All Defendants)**

179. All previous paragraphs are incorporated herein by reference as though fully set forth herein.

180. Plaintiff Eureka Graves, mother of Neykilo, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff Graves' familial relationship with her son, Nekiylo.

181. Nekiylo had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions, and private actor actions done jointly with state-actors, that deprive him of life, liberty, or property in such a manner as to shock the conscience.

182. The aforementioned actions of the individual Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

38
Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

the constitutional rights of Nekiylo and with purpose to harm unrelated to any legitimate law enforcement objective.

183. As a direct and proximate result of these actions, Nekiylo experienced pain and suffering and eventually died. The Defendants and individual Defendants, acting jointly and cooperatively, thus violated the substantive due process rights of Plaintiff Graves to be free from unwarranted interference with her familial relationship with Nekiylo.

184. As a direct and proximate cause of the acts of the individual Defendants, Plaintiff Graves suffered emotional distress, mental anguish, and pain. Plaintiff Graves has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Nekiylo, and will continue to be so deprived for the remainder of her natural life.

185. The conduct of the individual Defendants was willful, wanton, malicious, and done with reckless or callous indifference to the federally protected rights of others, reckless disregard for the rights and safety of Nekiylo and Plaintiff Graves and therefore warrants assessment of compensatory, exemplary and all other allowable damages under all applicable laws, including, attorneys' fees and costs.

186. Plaintiff Graves brings this claim individually and as a successor-in-interest to Nekiylo and seeks both survival and wrongful death damages. Plaintiffs also seek attorneys' fees and costs under this claim.

. . .

. . .

. . .

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

39

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.pauldaddalaw.com

**SIXTH CAUSE OF ACTION**
**NEGLIGENCE (Negligent Hiring, Negligent Retention and Negligent Supervision)**
**(Against Defendants Nye County And SOC)**

187. All previous paragraphs are incorporated herein by reference as though fully set forth herein.

188. All of the individual Defendants named in this complaint are employees, deputies and/or agents of Defendants Nye County and Defendant SOC, and/or DR Defendants.

189. All acts of the individual Defendants alleged herein were conducted within the scope of their respective employment or duties.

190. Defendants Nye County, SOC, Harris, Kakavulias and/or DR Defendants owed a duty of care to Plaintiff/Plaintiff's decedent Nekiylo, to exercise reasonable care in hiring, retaining, and supervising their employees.

191. Defendants Nye County, SOC, Harris, Kakavulias and/or DR Defendants knew or should have known of the danger that the individual Defendants, acting alone and/or jointly with one another, would result in unreasonable, excessive and deadly force.

192. Defendants Nye County, SOC, Harris, Kakavulias and/or DR Defendants breached their duty of care to Plaintiff/Plaintiff's decedent Nekiylo by failing to properly supervise, provide training and take remedial measures, such as discharge or reassignment, against their employees to ensure the safety of Nekiylo.

193. Defendants SOC were reckless, callous and/or deliberately indifferent to Nekiylo, a lone motorist about to be stranded without gas in the middle of nowhere.

194. The individual Defendants' supervisors from both Nye County and SOC owed a

40
Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

duty of care to properly supervise its deputies, SPOs, and the individual Defendants Harris and Kakavulais, respectively, to avoid escalation of incidents to the fatal shooting of a human being.

195. The individual Defendants' supervisors breached their duty of care by not properly supervising the individual Defendants with respect to the fatal shooting of a human being.

196. As a direct and proximate result of Defendants' negligent acts, Plaintiffs are entitled to compensatory, exemplary, and all other allowable damages.

**SEVENTH CAUSE OF ACTION**
**NEGLIGENCE (Wrongful Death)**
**(Against All Defendants)**

197. All previous paragraphs are incorporated herein by reference as though fully set forth herein.

198. Defendant Nye County employees, including, but not limited to Nye County Sheriff, deputies and security officers, including the individual Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

199. Defendants SOC and its SPOs had a duty to use reasonable care with respect to Nekiylo, a motorist who calmly approached the NNSS main gate, verifiably low on gas, and miles away from the nearest gas station.

200. The individual Defendants breached this duty of care and failed to exercise due care. Upon information and belief, the acts and omissions of the individual Defendants were

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

41
Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

negligent and reckless, including but not limited to:

a. the failure to properly and adequately assess the need to detain, arrest and use deadly force against Nekiylo;

b. the negligent tactics and handling of the situation with Nekiylo, including pre-shooting negligence;

c. the negligent use of force, including deadly force, against Nekiylo;

d. the failure to provide prompt medical care to Nekiylo;

e. the failure to properly train and supervise employees, both professional and non-professional;

f. the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Nekiylo;

g. the negligent handling of evidence and witnesses;

h. the negligent communication of information during the incident; and

i. failing to follow policies and procedures governing use of force by private government contractors, by unnecessarily involving Defendant Nye County to assist, enable, and act for and on behalf of SOC, with respect to security and protective force duties and contractually responsibilities delegated by the DOE to the SOC.

201. As a direct and proximate result of Defendants' conduct as alleged herein, as well as other undiscovered negligent conduct, Nekiylo was caused to suffer severe pain and

42

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.pauIpaddalaw.com

suffering and ultimately died.

202. As a direct and proximate result of Defendants' conduct as alleged herein, and each of them, as well as other undiscovered negligent conduct, Plaintiff Graves suffered emotional distress and mental anguish. Plaintiff Graves also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Nekiylo and will continue to be so deprived for the remainder of her natural life.

203. The Defendant entities and Defendant individuals are jointly and severally and/or vicariously liable for the wrongful acts of the each of individual Defendants and one another.

204. Plaintiff Graves brings this claim as a successor-in-interest to Nekiylo and seeks both survival, wrongful death damages, compensatory, exemplary and all other allowable damages under all applicable laws, including, attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**
**BATTERY (Wrongful Death)**
**(Against Defendants Nye County, SOC, Harris And Kakavulius)**

205. All previous paragraphs are incorporated herein by reference as though fully set forth herein.

206. The individual Defendants, including Defendants Kakavulias and Harris, while working as officers and/or deputies for the Defendant entities and acting within the course and scope of their duties, willfully and intentionally shot Nekiylo multiple times, at close range, and used unreasonable, excessive and deadly force against him, without proper warning. As a result of these actions, Nekiylo, a human being, suffered severe pain and suffering and ultimately died

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

43

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

from his injuries. The individual defendants had no legal justification for using their firearms or other lethal force against Nekiylo while carrying out their duties was an unreasonable, excessive, and unprivileged use of force.

207. As a direct and proximate result of the conduct of the individual Defendants as alleged herein, Nekiylo sustained injuries and died from his injuries and also lost his earning capacity.

208. The Defendant entities are vicariously liable for the wrongful acts of their employees, including their officers and/or deputies, where the injuries caused by their employees within the scope of their respective employment when such acts subject those employees to liability.

209. The conduct of the individual Defendants was intentional, malicious, wanton, oppressive, and accomplished with a reckless or callous indifference to the federally protected rights of others, and conscious disregard for the rights of Plaintiff Graves and Nekiylo entitling Plaintiffs to an award of compensatory, exemplary and all other allowable damages under applicable laws, including, attorneys' fees and costs.

**NINTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against All Defendants)**

210. All previous paragraphs are incorporated herein by reference as though fully set forth herein.

211. Defendants, and each of them, and/or their employees, contractors, sub-contractors, agents, and ostensible agents acted with extreme and outrageous conduct with

44

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

either the intention of, or reckless disregard for, causing Plaintiff Graves emotional distress.

212. Defendants' above-stated, injury-causing wrongful acts and conduct towards Nekiylo caused Plaintiff Graves to suffer severe and/or extreme emotional distress Defendants' wrongful acts and conduct was the actual or proximate cause of Plaintiff Grave's emotional distress.

213. Defendants' wrongful acts and conduct were unjustified and done with actual malice and wanton indifference to and deliberate disregard for the rights of Plaintiff Graves.

214. Plaintiff Graves is, therefore, entitled to compensatory, exemplary, and all other allowable damages, including, attorneys' fees and costs.

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

## TENTH CAUSE OF ACTION
## CONSPIRACY
## (Against All Defendants)

215. All previous paragraphs are incorporated herein by reference as though fully set forth herein.

216. Defendants Nye County, Kakavulias, SOC, and Harris undertook concerted action with intent to use unreasonable, excessive and deadly firearm force against Nekiylo resulting in his homicide by multiple rifle shots at close range.

217. As a direct and proximate result of the concerted unlawful acts of the Defendants, Plaintiffs suffered compensatory damages and is entitled to exemplary damages and all other damages allowable, including, attorneys' fees and costs.

45
Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

**ELEVENTH CAUSE OF ACTION**
**DECLARATORY RELIEF**
**(Against All Defendants)**

218. This lawsuit involves an actual controversy within the Court's jurisdiction and the Court may declare the rights of Plaintiffs under the Constitution and laws of the United States and the laws of Nevada and grant such relief as necessary and proper.

219. Plaintiffs seek declaratory judgment that Defendants' policies, pattern or practices, customs, lack of supervision, failure to train, acts and/or omissions described herein violated the United States Constitution and constituted, among other things, the use of excessive force in violation of federal and state law.

**VI.**

**DEMAND FOR JURY TRIAL**

220. Pursuant to the Seventh Amendment of the United States Constitution and Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury on all issues so triable.

**VII.**

**RELIEF REQUESTED**

221. Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and grant the following relief:

a. Set this matter for a trial by jury on a date convenient for the Court;

b. Enter declaratory judgment on behalf of Plaintiffs that Defendants' policies, patterns of practices, customs, lack of supervision, failure to

46
Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

train, acts and/or omissions described herein constituted, among other things, excessive force in violation of the Constitution, federal law and state law.

c. Enter judgment on behalf of Plaintiffs and against Defendants for reasonable actual damages sufficient to compensate them for the violation of Nekiylo's Fourth Amendment rights and rights under Nevada state law (including NRS § 41.085);

d. Order Defendants to pay Plaintiffs all compensatory damages (economic and non-economic) permitted by law;

e. Order Defendants to pay for funeral and burial expenses, and loss of financial support and all other damages permissible under Nevada state law (including NRS § 41.085);

f. Order Defendants to pay punitive and other exemplary damages;

g. Order Defendants to pay statutory damages;

h. Order Defendants to pay Plaintiffs' attorneys' fees and costs as authorized applicable laws and by 42 U.S.C. § 1988;  pre-judgment interest and any other relief deemed necessary and proper;

. . .

. . .

. . .

. . .

47
Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06

i. Grant all other and additional relief to which Plaintiffs may be entitled.

**PAUL PADDA LAW**

/s/ Paul S. Padda

Paul S. Padda, Esq.
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888

*Attorney for Plaintiffs*

Dated: October _____, 2021.

**PAUL PADDA LAW, PLLC**
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940
www.paulpaddalaw.com

48

Graves v. Nye County, et al.
United States District Court; District of Nevada; Case No. 2:20-cv-2359
*Proposed Amended Complaint*
PPL# 202002-10-06