# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Estate of Nekiylo Dewayne Graves, by and through Eureka Graves as next-of-kin, personal representative and its Special Administrator Shannon L. Evans; Eureka Graves, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Nye County, et al.,<br><br>Defendants. | Case No. 2:20-cv-02359-JAD-DJA<br><br>**Order** |

Before the Court are Plaintiffs' motion for leave to file an amended complaint (ECF No. 25), Plaintiffs' motion to substitute a party (ECF No. 27) and the parties' stipulation for an extension of time (ECF No. 33). Because Defendant does not oppose Plaintiffs' motions, the Court grants them and grants the stipulation in part. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Background.**

In response to Plaintiffs' motion for leave to file an amended complaint, Defendants explained that they did not oppose Plaintiffs' motion. (ECF No. 26). Rather, they used the motion to address inaccuracies, the fact that Plaintiffs substituted Shannon Evans as Special Administrator without seeking leave of court, and the need for an extension. (*Id.*). Plaintiffs reply that they have since filed a motion to substitute Shannon Evans to correct the oversight and that an extension request is better sought in a stipulation. (ECF No. 28).

In their motion to substitute Shannon Evans as Special Administrator of Nekiylo Graves' estate Plaintiffs assert that they seek to substitute Ms. Evans not as a party, but only as the estate's

administrator. (ECF No. 27). They explain that this change will not impact the litigation. (*See id.*). Defendants did not respond.

The parties then stipulated to an extension of time, requesting a ninety-day extension. (ECF No. 33). Alternatively, the parties sought a stay pending this Court's decision on Plaintiffs' motion to amend. (*See id.*). They assert that a stay—or extension—will allow discovery to include anticipated parties that Plaintiffs have requested to add. (*See id.*).

## II. Discussion.

In cases where a party is not amending their pleading as a matter of course, they may amend "only with the opposing party's written consent or the court's leave. The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(1)-(2). The failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion. LR 7-2(d). A request to extend made within twenty-one days of the subject deadline must be supported by good cause. LR 26-3.

Here, the Court grants Plaintiffs' motion for leave to amend, Plaintiffs' motion to substitute, and the parties' stipulation to extend in part. The Court also encourages the parties to stipulate to unopposed motions in the future. Regarding the motion for leave to amend, Defendants have expressly not opposed, but used their response to preserve arguments and point out deficiencies. Regarding the motion to substitute, Defendants did not respond, constituting their consent. Regarding the stipulation to extend, the Court finds that the parties have demonstrated good cause to extend discovery deadlines.

Notably, however, both the motion for leave to amend and the motion to substitute could easily have been stipulations. For example, the parties could have addressed Defendants' issues regarding the motion for leave to amend in a meet and confer and resolved them beforehand. The same is true of the motion to substitute. Indeed, it appears that the only reason the parties stipulated to extend deadlines is because the Court ordered them to communicate. The parties are thus directed to attempt to stipulate before bringing motions, if not to resolve all issues, at least to narrow them. Stipulating also allows the Court to reach unopposed motions earlier, instead of waiting for responsive briefing for a motion to become ripe.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to amend (ECF No. 25) is **granted.** Plaintiffs are directed to file and serve the amended pleading in compliance with LR 15-1.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to substitute (ECF No. 28) is **granted**.

**IT IS FURTHER ORDERED** that the parties' stipulation to extend (ECF No. 33) is **granted in part.** The following deadlines shall govern discovery:

| | |
|---|---|
| Amend pleadings and add parties: | Monday, February 7, 2022 |
| Initial expert disclosures: | Monday, March 7, 2022 |
| Rebuttal expert disclosures: | Tuesday, April 5, 2022 |
| Discovery cut-off: | Thursday, May 5, 2022 |
| Dispositive motions: | Monday, June 6, 2022 |
| Pretrial order:[1] | Tuesday, July 5, 2022 |

DATED: November 22, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order. LR 26-1(b)(5).