UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Estate of Nekiylo Dewayne Graves by and through Eureka Graves as next-of-kin, personal representative and Special Administrator Shann L. Evans; Eureka Graves, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Nye County Nevada, et al.,<br><br>Defendants. | Case No. 2:20-cv-02359-JAD-DJA<br><br>**Order** |

    This is a wrongful death case arising out of a vehicle chase that ensued after decedent Nekiylo Dewayne Graves drove through the gate of the Nevada National Security Site ("NNSS"), a U.S. Department of Energy ("DOE") facility. Defendant Te'Quis Harris and John Kakavulias—employed by SOC Nevada, LLC (the company contracted to secure the NNSS) fired their weapons at Graves during the pursuit, killing him. Graves' estate and his mother sued Defendants Nye County, Nevada; Kakavulias; SOC; and Harris for damages, asserting eleven causes of action. (ECF No. 35).

    Defendants SOC and Harris (collectively, the "SOC Defendants") move for a protective order to facilitate the exchange of discovery, asserting that, because NNSS is a National Security Site, information produced in discovery could be protected by the DOE as Unclassified Controlled Nuclear Information (UCNI). (ECF No. 53). Defendants Nye County and Kakavulias (collectively, the "Nye Defendants") agreed to the protective order. (*Id.* at 3). Plaintiffs, however, opposed, arguing that the protective order is an attempt to "stonewall," that the SOC Defendants have no standing to assert Doe's interests, and that the SOC Defendants have not met the legal standards for a protective order. (ECF No. 62). The SOC Defendants replied and

explained that the protective order they seek is to facilitate discovery and thus, is not subject to the same legal standards as one to prevent disclosure or seal a document. (ECF No. 66).

The SOC Defendants have also moved to seal their motion to dismiss and portions of its exhibits, arguing that certain of the documents contain confidential information marked "Official Use Only" by the National Nuclear Security Administration ("NNSA"). (ECF No. 68). Plaintiff did not respond to this motion. Neither did the Nye Defendants.

Because the Court finds that the protective order the SOC Defendants propose is simply a blanket protective order that would generally require discovery to be conducted in a certain manner, it grants the SOC Defendants' motion. Because the Court finds that the SOC Defendants have demonstrated compelling reasons, it also grants the SOC Defendants' motion to seal. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Discussion.**

      ***A.      The Court grants the SOC Defendants' motion for protective order.***

Federal Rule of Civil Procedure 26(c) governs protective orders. Fed. R. Civ. P. 26(c). It provides that the "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). There are three types of protective orders in federal practice. *Federal Deposit Insurance Corporation v. Lewis*, No. 2:10-cv-439-JCM-VCF, 2015 WL 13667215, at *1 (D. Nev. July 29, 2015). The first—protective orders—protect a person from producing information in response to a discovery request. *See, e.g.*, Fed. R. Civ. P. 26(b)(2), (c)(1)(A), (c)(1)(C)-(E). The second—sealing orders—protect a person's privacy interests by preventing the public from accessing court records. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(F)-(H). The third—blanket protective orders—are (typically) stipulated agreements between the parties that generally require discovery to be conducted in a certain manner or be kept confidential. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(B).

Rule 26(c) requires the moving party to make a "particularized showing" of Rule 26(c)(1)'s enumerated harms. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003); *see* Fed. R. Civ. P. 26(c). However, because protective orders, sealing orders, and blanket protective orders serve different purposes, the nature of the "particularized showing"

that is required to obtain each order necessarily differs.  *Federal Deposit Insurance Corporation*, 2015 WL 13667215, at *1.  A party cannot successfully oppose the entry of a blanket protective order by raising concerns about the public's right of access to judicial records or unsubstantiated fears that the party seeking the protective order is trying to avoid discovery.

Concerns about the public's right of access to judicial records are unsuccessful to oppose a blanket protective order because reliance on a blanket protective order does not justify the sealing of a court document.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006).  A blanket protective order governs discovery, which occurs out of court.  *Federal Deposit Insurance Corporation*, 2015 WL 13667215, at *1.  The public has no right to demand access to discovery materials that are solely in the hands of private party litigants.  *Id.*

Unsubstantiated concerns that the party seeking the protective order is trying to avoid discovery are also unsuccessful to oppose a blanket protective order.  Blanket protective orders are designed to expedite the discovery process by permitting litigants to freely exchange sensitive information without the risk of disclosure.  *See id.*  These orders are intended to facilitate the exchange of discovery documents, not prevent it, and typically make no findings that a particular document is confidential or that a document's disclosure would cause harm.  *See Small v. University Medical Center of Southern Nevada*, No. 2:13-cv-00298-APG-PAL, 2015 WL 1281549, at *3 (D. Nev. March 20, 2015).

The Court grants the SOC Defendants' motion for a protective order because it seeks a blanket protective order intended to facilitate discovery.  While Plaintiffs argue that the SOC Defendants have not made the proper particularized showing to justify a protective order, a blanket protective order does not require the same type of particularized showing as a typical protective order or sealing motion.  Plaintiffs' arguments against the blanket protective order each fail.

First, Plaintiffs' argument that the SOC Defendants do not have standing to move for a blanket order on DOE's behalf misapplies the standing analysis.  The SOC Defendants are not litigating DOE's rights by seeking a blanket protective order because the order does not make any specific findings about any document.  Rather, it provides only that, if any party is under a "duty

to maintain [information] in confidence," that party may designate information "confidential," which designation another party can challenge. (ECF No. 53-1 at 4).

Second, to the extent that Plaintiffs are concerned that a blanket protective order would limit public access to judicial records, a blanket protective order cannot accomplish that. The blanket protective order the SOC Defendants seek governs out-of-court discovery. The public has no right of access to this material.

Third, Plaintiffs' arguments that the SOC Defendants are seeking the blanket protective order to withhold discovery materials is unsubstantiated and therefore unsuccessful. The blanket protective order the SOC Defendants seek will encourage discovery by offering a method through which parties disclosing sensitive information can do so confidently, knowing the information is protected. This will promote the free exchange of discovery documents, not discourage it. And Plaintiffs have offered no evidence that the SOC Defendants are attempting to use the blanket protective order to withhold information.

One of Plaintiffs' arguments about the blanket protective order that the SOC Defendants propose does have merit: that Paragraph 19 could create unnecessary burdens on Plaintiffs' attorneys. (ECF No. 53-1 at 9-10). Requiring Plaintiffs' counsel to store UNCI in a room with "access limited to those persons[] who have obtained NNSA approval for access to such information under 10 C.F.R. §§ 1017 *et seq*" could create logistical problems depending on the size and layout of Plaintiffs' counsel's office and number of staff members. However, the Court is not inclined to deny what it construes as an otherwise reasonable blanket protective order on these potential logistical problems alone. To the extent this provision creates a logistical problem for Plaintiffs' counsel, the parties should meet and confer to come up with a solution. The remainder of the SOC Defendants' proposed blanket protective order is acceptable and not unlike those to which parties typically stipulate. The SOC Defendants shall re-file their proposed order as a separate document for this Court's approval.

### B.   *The Courts grants the SOC Defendants' motion to seal.*

The Court grants the SOC Defendants' motion to seal. A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth

1    Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)
2    and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  A
3    party seeking to seal judicial records bears the burden of meeting the "compelling reasons"
4    standard, as articulated in *Kamakana*.  *See Kamakana*, 447 F.3d at 1183.  Under that standard, "a
5    court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis
6    for its ruling, without relying on hypothesis or conjecture.'"  *Ctr. for Auto Safety*, 809 F.3d at
7    1097. (quoting *Kamakana*, 447 F.3d at 1179).  Courts have previously considered matters of
8    national security as constituting good cause to keep records under seal.  *See Islamic Shura*
9    *Council of Southern California v. F.B.I.*, 635 F.3d 1160, 1161 (9th Cir. 2011).  Additionally, the
10    failure of an opposing party to file points and authorities in response to any motion constitutes a
11    consent to granting of the motion.  LR 7-2(d).

12      Here, the Court grants the SOC Defendants' motion to seal because the other parties have
13    not responded to the motion and because the SOC Defendants are seeking to protect documents
14    that discuss NNSA's confidential and sensitive information and that the NNSA has marked
15    "Official Use Only."  Documents marked "Official Use Only" are classified as having the
16    potential to damage governmental, commercial, or private interests if disseminated to persons
17    who do not need to know the information.  (ECF No. 68 at 3).  Additionally, because they
18    contract with the DOE, the SOC Defendants are prohibited from disclosing certain information it
19    seeks to seal without NNSA approval.  Because the SOC Defendants have established a
20    compelling national security reason to seal these documents and because the other parties have
21    consented to the motion by not responding, the Court grants the motion.

**IT IS THEREFORE ORDERED** that the SOC Defendants' motion for a protective order (ECF No. 53) is **granted**. The SOC Defendants shall refile their proposed protective order as a separate document for the Court's approval.

**IT IS FURTHER ORDERED** that the SOC Defendants' motion to seal (ECF No. 68) is **granted.**

DATED: March 28, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE