**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ESTATE OF NEKIYLO DEWAYNE GRAVES, by and through Eureka Graves as next-of-kin, personal representative and Special Administrator SHANNON L. EVANS; EUREKA GRAVES, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NYE COUNTY, NEVADA, a political subdivision of the State of Nevada, JOHN KAKAVULIAS, an individual and employee of Nye County, Nevada; SOC NEVADA, LLC, a foreign limited liability company d/b/a SOC, LLC; TREQUIS HARRIS, an individual and employee of SOC Nevada, LLC; DOES I -X; ROES I-X,<br><br>Defendants. | Case No. 2:20-cv-02359-JAD-DJA<br><br>PROTECTIVE ORDER |

    Upon consideration of the motion of the defendants SOC Nevada, LLC d/b/a SOC, LLC, and Tre'Quis Harris (jointly, the "SOC Defendants"), and it otherwise appearing that discovery in this action will necessarily involve the production of highly confidential non-public information, trade secrets, or Unclassified Controlled Nuclear Information ("UCNI") that the management, possession, use, and control of such information and documents is sensitive such that public disclosure would cause competitive harm or a significant adverse effect on the health and safety of the public or the common defense and security by increasing significantly the likelihood of the illegal production of nuclear weapons or theft, diversion, or sabotage of Department of Energy ("DOE") Special Nuclear Material ("SNM"), equipment, or facilities (collectively "Confidential and/or Controlled Unclassified Materials").

    WHEREAS, the SOC Defendants, under Federal Rule of Civil Procedure 26(c), file their *Proposed Protective Order* ("Order") and the Court orders that the Order shall govern the handling of any document, information, or other thing produced or exchanged by and among the SOC Defendants; defendants Nye County, Nevada, and John Kakavulias (together with the SOC Defendants, the "Defendants"); and plaintiffs Estate of Nekiylo Dewayne Graves, Shannon Evans, and Eureka Graves

1

(collectively, the "Plaintiffs"), hereinafter the "Parties" and each, a "Party," or received from nonparties, including, but not limited to, all documents and all other discovery materials, whether produced informally, formally, or in response to any discovery requests; deposition testimony; testimony taken at hearings or other proceedings; interrogatory answers; and/or filings, motions, transcripts, and exhibits (collectively "Litigation Material");

WHEREAS, it is further ordered that the attorney-client privilege and work product protection shall not be waived under certain circumstances, as specified herein;

WHEREAS, in order to establish procedures that would, among other things, protect the Parties and nonparties from harm resulting from public disclosure of Confidential and/or Controlled Unclassified Materials, the Court order the Parties to limit the disclosure, use, and dissemination of Confidential and/or Controlled Unclassified Materials that might result in damage to the Parties, a nonparty, or the public, the for the Parties to limit the disclosure, use, and dissemination of Confidential and/or Controlled Unclassified Materials that are in the possession, custody, or control of one of the Parties or a nonparty, while allowing the Parties to obtain discovery under the terms and conditions below;

WHEREAS, the Order will expedite the flow of discovery materials, protect the integrity of Confidential and/or Controlled Unclassified Materials, promote the prompt resolution of disputes and confidentiality, and facilitate the preservation of material the Parties or nonparties deem worthy of protection; and

WHEREAS, the Court finds that good cause exists for issuance of the Order.

THE COURT HEREBY ORDERS that the discovery in this action, whether the information or documents are from Parties or nonparties, shall be governed by the following terms:

**DESIGNATION OF PROTECTED MATERIALS**

1. As used herein, "Producing Party" shall refer to the Parties to this action and nonparties that provide Litigation Material, and "Receiving Party" shall refer to the Parties to this action and to nonparties that receive Litigation Material. The Parties and any nonparty whose Confidential and/or Controlled Unclassified Materials are sought through discovery by a Party to the above-captioned action, shall have the right to designate any Litigation Material it produces or provides, or any

2

testimony it gives in the above-captioned action, as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION."

2. Any Party or nonparty providing discovery in this action that designates Litigation Material as "CONFIDENTIAL INFORMATION" represents to the Receiving Party that the Producing Party has made a good faith determination that the Litigation Material constitutes a nonpublic trade secret; information that the Party is under a duty to maintain in confidence; or proprietary or confidential research, development, personnel, financial, personal, customer, or commercial information that is (a) unavailable to the public; (b) not readily determinable from public sources; (c) generally treated as confidential by the Party producing it; and/or (d) of such a nature that its disclosure would or may adversely impact the Party producing it.

3. Any Party or nonparty providing discovery in this action that designates Litigation Material as "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION" represents to the Receiving Party that the Producing Party made a good faith determination that the Litigation Material is subject to federal regulations for the DOE Identification and Protection of Unclassified Controlled Nuclear Information, 10 C.F.R. §§ 1017 *et seq.*

**DESIGNATED MATERIALS SHALL BE KEPT CONFIDENTIAL**

4. All Litigation Material produced or furnished by a Party or nonparty during this litigation, which are designated "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION" by the Producing Party, shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive this information under the terms of this Order, and shall be used only in preparation for, in the prosecution of, and/or the defense of, this action or any appeal therefrom, and <u>cannot be used for any other purpose</u> including, but not limited to, any other litigation and arbitration matters, or any other business, competitive, personal, private, or public purpose. The Parties, nonparties, and all other persons bound by the terms of this Order shall only use the Litigation Material designated "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION" as authorized under this Order. The Parties, nonparties, or other persons' use of Litigation Material designated

"CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," in a manner inconsistent with the terms and conditions of this Order, may only occur if written consent of all the interested parties, the DOE, and/or an order of this Court is first obtained.

**PERSONS AUTHORIZED TO HAVE ACCESS AND THEIR OBLIGATIONS**

5. Litigation Material designated as "CONFIDENTIAL INFORMATION" may be used by any Party, other than the Producing Party, solely for purposes of this action, and shall in no event be used in other legal proceedings or for any business, competitive, personal, private, public, or other purpose, except as required by law, and may be shown or disclosed only to the following persons:

   a. This Court, any court exercising appellate jurisdiction with respect to the determinations of this Court, and any other court or person appointed by the Court to address an issue related directly to discovery in the above-captioned action;

   b. The Parties and nonparties' outside and in-house counsel, paralegals, legal assistants and/or clerical employees (including persons providing photocopying, data processing, or graphic production services) working under the direction of Parties and nonparties' counsel on this matter;

   c. The Parties to this action, including their current members, officers, directors, partners, representatives, attorneys, or employees, to the extent disclosure is reasonably necessary for this action, but only after such persons agree in writing to be bound by this Order by signing the *Consent to Protective Order* attached hereto as Exhibit A;

   d. Outside consultants, experts, or investigators, retained by the Parties or counsel for the Parties, to assist in the preparation and trial of this action or proceeding, but only after such persons have agreed, in writing, to be bound by this Order by signing the *Consent to*

4

       *Protective Order* attached hereto as Exhibit A;

  e. Court reporters, stenographers, and videographers employed for the purpose of transcribing and/or recording testimony or argument at any hearing, trial or deposition in this action;

  f. Any mediator or arbitrator engaged by the Parties in connection with the action;

  g. Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, and any person clearly identified in prior discovery as an author or recipient of the Litigation Material at issue; and

  h. A witness at a deposition and the witnesses' counsel, to the extent disclosure is reasonably necessary in connection with his/her testimony, provided that, before receiving or being advised of the contents of the "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," such persons have agreed, in writing, to be bound by this Order by signing the *Consent to Protective Order* attached hereto as Exhibit A.

 6. The persons receiving "CONFIDENTIAL INFORMATION" material are enjoined from disclosing it to any other person except as permitted by this Order and are further enjoined from using such material for any purpose other than that permitted by this Order. The recipient of any "CONFIDENTIAL INFORMATION," material shall maintain such material in a safe and secure area. Each individual who receives any "CONFIDENTIAL INFORMATION," material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to performance under, compliance with, or violation of, this Order.

 7. Any executed *Consent to Protective Order* of persons agreeing to be bound by this Order shall be retained by counsel and shall be subject to *in camera* review by the Court, if good cause for review is demonstrated by any Party or nonparty, in receipt of a subpoena in this action.

5

### ACCESS TO UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION

8. This Order establishes procedures for access to UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION for purposes of this litigation. It does not affect access to UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION for any other purpose.

9. In addition to the terms of Paragraphs 5–7 above, a person seeking access to documents or information marked as "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," under this Order must request limited access to UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION from the National Nuclear Security Administration ("NNSA") in accordance with procedures established under 10 C.F.R. § 1017.21. Under 10 C.F.R. § 1017.21, the NNSA will notify the requesting person within 30 days of the receipt of the request for limited access to documents or information marked as "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," whether the request is granted or the date when the determination will be made.

10. If a person is granted access to documents or information marked as "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION" from the NNSA, such person may not further disseminate such information to anyone unless permitted to do so by the NNSA.

### STORAGE AND HANDLING OF UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION

11. A person granted access by the NNSA to documents or information marked as "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," must strictly comply with the requirements set forth in 10 C.F.R. §§ 1017 *et seq.* and any other requirements set forth by the NNSA.

### PROCEDURE FOR DESIGNATING AND HANDLING CONFIDENTIAL INFORMATION AND/OR CONTROLLED UNCLASSIFIED MATERIALS IN DISCOVERY, COURT FILINGS, AND HEARINGS

12. If a Party or nonparty discloses "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," in another document, at a deposition, or at a hearing, such Party shall designate, and treat, at least such portion of such other document or resulting transcript as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," as applicable, including disseminating

1  UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION only as permitted to do so by the NNSA.

13.     The Parties and nonparties agreeing to be bound by this Order, and their counsel, shall designate discovery material as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," as follows:

14.     In the case of information or documents that are produced as part of discovery or are responsive to any discovery request, which includes, but is not limited to, document production requests, interrogatories, and requests for admission, and any attachments or exhibits to any of the foregoing documents referenced in this provision, such documents shall be stamped, labeled, or otherwise clearly identified as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION."

15.     In the case of interrogatory answers and information contained therein, designation shall be made by placing on the first page and all subsequent pages containing the confidential information the legend "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION."

16.     In the case of things, designation shall be made by visibly marking the item "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," if practicable, or, if not practicable, by placing such marking visibly on a package or container for the item.  In specific instances where designation is not practicable, the Producing Party shall, upon producing such materials, notify the Receiving Party, in writing, that such produced materials are, or were, impracticable for such designation.

17.     In the case of depositions involving "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," information, counsel for the witness or Party producing the "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," information may state, on the record, that the deposition (including exhibits), or a portion thereof, may contain "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," information or documents.  If such designation is made, that deposition, or portion thereof, shall be

7

deemed subject to this Order, and will be taken with no one present except for those persons who are authorized to have access to such "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," information and documents in accordance with this Order, including interpreters, videographers, and the court reporter.  Additionally, or alternatively, within ten (10) business days of receipt of the final deposition transcript from the court reporter (prior to any modifications by the deponent on an errata sheet), the witness or Party may make or modify a designation that the deposition (including exhibits), or a portion thereof, contains "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," information or documents.  All deposition transcripts in their entirety shall be deemed to be and shall be treated as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," until the expiration of the ten (10) business day period.

18. In the case of production of original files and records for inspection, no designation need be made by the Producing Party in advance of the inspection.  For purposes of the inspection, all documents provided for inspection shall be considered designated "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION."  Thereafter, upon selection of specified documents for production, the Producing Party shall designate copies of such documents as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," in accordance with this Order.

19. <u>Access to UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION</u>.  The Parties and the Court are responsible for ensuring that access to UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION in their possession, custody or control are restricted to authorized person(s) in accordance with 10 C.F.R. §§ 1017 *et seq.*  To prevent unauthorized access of UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION , the Parties and the Court agree to follow the procedures outlined in this paragraph:

    a. All documents containing UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION  shall be placed in a secure file or room with access limited to those persons, who have obtained NNSA approval for access to such information under 10 C.F.R.

8

        §§ 1017 *et seq.*;

    b.    If documents containing UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION are scanned and stored in a computer, access to such electronic files shall be limited to those persons, who have obtained NNSA approval for access to such information under 10 C.F.R. §§ 1017 *et seq.*; and

    c.    If counsel or another individual authorized to receive UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION anticipate that UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION will be disclosed to the Court, including at any hearing, deposition, or at trial, the Parties agree to confer on how to comply with the terms of this Order and 10 C.F.R. §§ 1017 *et seq.* and, if necessary, to discuss with the Court the proper safeguards to prevent unauthorized disclosure. If a nonparty provided the UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION, the Party(ies) seeking to introduce that information at any hearing or trial agree to consult with that nonparty prior to disclosure.

20. <u>Materials Filed</u>. To the extent that any materials subject to this Order (or any pleading, motion, or memorandum discussing or disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof, which disclose "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," shall be filed under seal (by the filing Party) under LR IA 10-5 with the Clerk of the court, in accordance with the current version of the Court's filing requirements for Highly Sensitive Documents and/or Secret, Confidential, Scandalous, or Defamatory Matter.

21. <u>Hearings and Trial</u>. If any "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," material is used in any hearing in connection with the above-captioned action, it shall not lose its "CONFIDENTIAL INFORMATION and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," status through such use,

1  and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

2        22.    <u>Appeal</u>.  In connection with any appeal in this action, all Litigation Materials designated "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," shall be subject to the provisions of this Order and shall be filed with the United States Court of Appeals, under seal, and in accordance with the applicable rules of that court.

## INFORMATION PRODUCED BY NONPARTIES

23.    This Order applies to Litigation Materials provided by any nonparty from whom discovery is sought in this action.  Such nonparty(ies) shall designate all information disclosed to a Party in response to a subpoena in this action as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," as applicable.  Such nonparty(ies) shall obtain all the protections of this Order upon disclosure to any Party to this action, of Litigation Materials that contain "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," as defined in this Order.

## NONPARTY CONFIDENTIAL INFORMATION

24.    If the discovery process calls for the production of information or documents, the disclosure of which a potentially Producing Party, in good faith, believes would breach an express or implied agreement with a nonparty(ies) to maintain such information in confidence, the potentially Producing Party shall give written notice to the nonparty(ies) that the nonparty's(ies') information or documents are subject to a discovery request in the above-captioned action, and shall provide the nonparty with a copy of this Order.  Should the nonparty object to production of the information or documents, the potentially Producing Party shall timely inform the requesting Party of that objection.

## CHALLENGING DESIGNATIONS

25.    A Party <u>shall</u> not be obligated to challenge the propriety of a "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," designation at the time made, and failure to do so shall not preclude a subsequent challenge.  If, at any time, any Party disagrees with a designation of "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," that Party shall provide written notice of its disagreement to the Producing Party or nonparty, including its basis for disagreeing with

10

the designation. The Producing Party shall then have fourteen (14) days, from the date of receipt of such notice to:

    a.    advise the Receiving Party whether the Producing Party maintains its designation; and

    b.    if so, provide its basis for the designation.

26. The Parties and/or nonparties shall first try to resolve the dispute on an informal basis, pursuant to Fed. R. Civ. P. 26(c)(1). A Producing Party shall not unreasonably delay resolution of a challenged designation. If the dispute cannot be informally resolved, the Party or nonparty challenging the designation may, after advising the Producing Party, challenge the designation upon motion to the Court. The burden of proving the confidentiality of designated information remains with the Producing Party. The provisions of Fed. R. Civ. P. 37(a)(5) shall apply to such motions.

## **INADVERTENT DISCLOSURE**

27. Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any Litigation Material that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Litigation Material or the subject matter of that Litigation Material, unless there was an intentional waiver of the Privilege or Protection to support an affirmative use of the Litigation Material to support a party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3). The Parties intend that this Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures made not to support an affirmative use of the Litigation Material in support of a party's claim or defense shall be regarded as "inadvertent," and the Producing Party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

28. Within seven (7) business days of learning that Privileged or Protected Litigation Material has been inadvertently produced, the Producing Party shall notify counsel for the Receiving Party(ies), in writing, of the fact of inadvertent disclosure and the date inadvertent disclosure was first discovered. If a Producing Party inadvertently discloses to a Receiving Party Litigation Material that

11

1  is subject to the assertion by the Producing Party of the Privilege or Protection, or that the Litigation
2  Material is otherwise immune from discovery, the Receiving Party shall immediately cease reviewing
3  or using such Litigation Material upon: (1) discovery by the Receiving Party that the Litigation Material
4  is protected by the Privilege or Protection; or (2) receipt of notice from the Producing Party of the
5  inadvertent disclosure, whichever is earlier.

6       29.    The Receiving Party also shall destroy or return to the designating party the Litigation
7  Material and all copies thereof in existence within five (5) business days of: (1) discovery by the
8  Receiving Party that the Litigation Material is protected by the Privilege and/or the Protection; or (2)
9  receipt of notice from the Producing Party of the inadvertent disclosure, whichever is earlier.  The
10 Receiving Party shall provide notification to the Producing Party confirming such destruction and/or
11 return as soon as possible and in no event later than five (5) days after receipt by the Receiving Party
12 of a written request by the Producing Party for such return and/or destruction.  Immediately upon such
13 discovery of or identification of the Litigation Material, no further use or review may be made of the
14 Litigation Material by the Receiving Party, and no further discovery regarding the Litigation Material
15 may be conducted, except upon motion to, and order by, the Court.  No Party shall assert that the
16 disclosure of the Litigation Material waived the Privilege, Protection, or any other immunity.

17      30.    If the Receiving Party contests the validity of the underlying claim of Privilege or
18 Protection, the Receiving Party may seek a judicial determination of the matter, pursuant to Fed. R.
19 Civ. P. 26(b)(5)(B).  In assessing the validity of any claim of Privilege or Protection, the Court shall
20 not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and
21 otherwise reasonable steps were taken by the Producing Party to request the return or destruction of
22 the document once the Producing Party had actual knowledge of: (1) the circumstances giving rise to
23 the claim of Privilege or Protection; and (2) the production of the document in question, as stated in
24 this Order.  As used in this paragraph, "actual knowledge" refers to the actual knowledge of an attorney
25 of record or other attorney with lead responsibilities in the litigation.

26      31.    If a Party inadvertently discloses any Litigation Material without designating it as
27 "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR
28 INFORMATION," but later determines that it should be so designated, and so informs the Receiving

Party thereof, in writing, within fourteen (14) days of the discovery of the inadvertent failure to designate, but no later than, one (1) month after the close of expert discovery, the Litigation Material shall thereupon be treated as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," and the Receiving Party shall immediately make prompt and reasonable efforts to protect the Litigation Material and retrieve it from any person not entitled to receive it under paragraphs 5, 9, and 10. The Receiving Party may challenge the Producing Party's late designation of the Litigation Material, but shall take no further action inconsistent with the designation until such time as the challenge is resolved. If the Receiving Party makes no challenge to the late designation, or if its challenge is unsuccessful, the Receiving Party shall mark or stamp the Litigation Material "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," in accordance with the Producing Party's designation.

32. Should any Litigation Material designated as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," be disclosed, through inadvertence by the Receiving Party, to any person or party not authorized under this Order, then the Receiving Party shall use commercially reasonable efforts to: (1) promptly retrieve the disclosed Litigation Material, and any notes or extracts thereof, from such unauthorized person or party; (2) bind such person or party to the terms of this Order; (3) promptly inform such person or party of all of the provisions of this Order; (4) request such person or party to sign the *Consent to Protective Order* attached hereto as Exhibit A; (5) if applicable, request such person obtain NNSA approval to have access to UNCLASSIFIED NUCLEAR INFORMATION; (6) identify such person or party immediately to the Producing Party that designated the Litigation Material as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," and (7) identify the disclosed "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," Litigation Material immediately to the Producing Party.

33. The executed Consent *to Protective Order* shall promptly be served upon the party that designated the Litigation Material as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION." Nothing in this paragraph shall limit the right of the

party that designated the Litigation Material as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," to seek any appropriate sanction or remedy against the party that disclosed the Litigation Material to a person or party not authorized under this Order.

34. Disclosure of "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," Litigation Material to persons not authorized to receive that information prior to designation shall not be deemed a violation of this Order. In the event the Litigation Material was previously distributed in a manner inconsistent with the new designation, however, a Receiving Party will take reasonable steps to retrieve all copies of the "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," Litigation Material that are inconsistently designated, and/or notes or extracts thereof. In the event distribution has occurred to a person not under the control of a Receiving Party, the Receiving Party shall make a request in writing for return of the Litigation Material and for an undertaking of confidentiality. In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the Receiving Party deems the making of the request to be a useless act, the Receiving Party shall promptly notify the Producing Party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the Receiving Party.

35. In the event the Producing Party discloses two or more identical copies of a document of which at least one copy is designated "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," and at least one copy is not so designated, once such a discrepancy is actually discovered by the Receiving Party, all copies of the document shall be treated as being subject to the most restrictive designation applicable to such document.

**PROCESS IN OTHER ACTIONS**

36. In the event any person or Receiving Party having possession, custody, or control of any Litigation Material produced in the above-captioned action and designated as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," by a Producing Party receives a subpoena or other compulsory process or order to produce such Litigation

Material, such subpoenaed person or entity shall notify the attorneys of record of the Producing Party claiming such confidential treatment of the Litigation Material sought by such subpoena or other process or order at least seven (7) business days prior to the return date of the subpoena or other compulsory process, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any reasonable procedure sought to be pursued by the party whose interest may be affected. No party shall disclose materials subject to this Order inconsistent with the terms of this Order absent the written consent of all interested Parties and/or nonparties, or by order of this Court.

## **LIMITS TO PROTECTIVE ORDER**

37. Nothing in this Order shall preclude a party or its attorneys from:

   a. showing a document designated as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," to an individual identified by the document as a recipient or author or by sworn testimony as having been previously prepared, received, or reviewed by that individual;

   b. showing a document produced in discovery by an opposing party to a current or former director, officer, managing agent or employee of the Producing Party during the questioning of such person in a deposition, hearing, or trial in the above-captioned action; or

   c. disclosing or using for any purpose any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION."

38. It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of Litigation Material designated "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," received by the Party, provided that such rendering of advice and opinions shall not reveal the content of information to which the recipient is not otherwise entitled, and also shall not reveal or disclose competitively useful

15

1  information, including, but not limited to, non-public financial data, including market analyses, profit
2  information, forecasts, and budgets; sales information; pricing data; methods and costs of production;
3  strategic business plans; research and development projects; testing information; source code; export
4  controlled information; and customer-specific information, except by prior written agreement with
5  counsel for the Producing Party unless otherwise restricted by law.

6        39.      This Order is not intended to address discovery objections to produce, answer, or
7  respond on the grounds of attorney-client privilege or work product immunity, or to preclude either
8  party from seeking further relief or protective orders from the Court as may be appropriate under the
9  Federal Rules of Civil Procedure.

10       40.      This Order may be modified by further order of the Court and is without prejudice to
11  the rights of any party to this action, or any nonparty subject to discovery in this action or any party or
12  individual who agrees to be bound by the terms of this Order to move for relief from any of its
13  provisions or seek agreement of the Parties to this action for different or additional protection for any
14  Litigation Materials.

15  **OBLIGATIONS UPON TERMINATION OF THE LITIGATION**

16       41.      Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or
17  entry of final judgment not subject to further appeal and this Court shall retain jurisdiction over the
18  Order after the conclusion of the above-captioned litigation.  Promptly upon the conclusion of
19  litigation, and in no event later than sixty (60) days after entry of a final judgment not subject to further
20  appeal or after all opportunities for appeals of this action have expired , all Litigation Material treated
21  as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR
22  INFORMATION," including any copies, databases or abstracts containing such information shall, at
23  the option of the Producing Party or nonparty, be destroyed or returned to counsel for the Producing
24  Party or nonparty.  The Producing Party or nonparty shall provide written notice of intent to destroy or
25  return "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR
26  INFORMATION" within the sixty (60) day period set forth above, and the recipient of such notice
27  shall have sixty (60) days to comply.  Notwithstanding the foregoing, to the extent required by law or
28  professional obligation, counsel of record for the Parties shall be permitted to retain a copy of materials

created during the course of the above-captioned action, or made part of the record, or which have been filed under seal with the Clerk of the Court, including but not limited to any work product, discovery requests and responses (other than documents produced), correspondence, motions, briefs, affidavits, depositions, expert reports, and/or trial transcripts which contain "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," material within the document or as an exhibit thereto. Such file copy must be maintained under the conditions of "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," documents as provided in this Order. Further, all notes, summaries, or other documents prepared by attorneys, or outside experts/consultants/investigators designated as provided in Paragraphs 5(b) and 5(d), derived from a document designated "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," shall after the conclusion of the action, only be kept within the files of outside trial counsel for the party creating such work product, in accordance with paragraph 11 and other provisions of this Order, or be destroyed. Counsel of record for the Parties shall certify in writing that they have complied with this paragraph. The Clerk of the Court for the above-captioned matter shall be permitted to return to the designated Litigation Material to counsel for the Producing Party or destroy any sealed material at the end of the litigation.

## NOTICE

42.  All notices required by this Order are to be served in an expedient manner on all counsel of record for any Party and any interested party according to the contact information on record with the Court.

IT IS SO ORDERED:

Daniel J. Albregts
United States Magistrate Judge

DATED: March 30, 2022

17

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ESTATE OF NEKIYLO DEWAYNE GRAVES, by and through Eureka Graves as next-of-kin, personal representative and Special Administrator SHANNON L. EVANS; EUREKA GRAVES, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NYE COUNTY, NEVADA, a political subdivision of the State of Nevada, JOHN KAKAVULIAS, an individual and employee of Nye County, Nevada; SOC NEVADA, LLC, a foreign limited liability company d/b/a SOC, LLC; TREQUIS HARRIS, an individual and employee of SOC Nevada, LLC; DOES I -X; ROES I-X,<br><br>Defendants. | Case No. 2:20-cv-02359-JAD-DJA<br><br>PROTECTIVE ORDER |

## CONSENT TO PROTECTIVE ORDER

I hereby declare as follows:

1. My name (printed) is _____.

2. My home address is _____.

3. My employer is _____; my employer's address is _____; and my occupation or job description is _____.

4. I have received a copy of the Protective Order in this case.

5. I have carefully read and understand the provisions of the Protective Order and will comply with all the provisions of the Protective Order.

6. I agree to comply with all terms and conditions of the Protective Order with respect to all "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," Litigation Material that may be disclosed to me in connection with this litigation.

7. I hereby verify that I have reviewed the DOE Identification and Protection of Unclassified Controlled Nuclear Information 10 C.F.R. §§ 1017 *et seq.* and will comply with such regulations and any other directions imposed by the DOE as it relates to UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION.

8. I agree to keep confidential all Litigation Material designated "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION" that are disclosed to me in connection with this litigation. I agree not to give, show, make available, discuss, or otherwise communicate in any manner, either directly or indirectly, any Litigation Material to or with any person not authorized to receive the information under the terms of the Protective Order.

9. I agree that I will only use Litigation Material designated as "CONFIDENTIAL INFORMATION" and/or "UNCLASSIFIED CONTROLLED NUCLEAR INFORMATION," in the prosecution and/or the defense of this litigation or any appeal therefrom. I agree that such Litigation Material <u>cannot be used for any other purpose</u> including, but not limited to, any other litigation and arbitration matters, or any other business, competitive, personal, private, or public purpose.

10. I understand that if I violate the provisions of the Protective Order, I may be subject to, among other things, sanctions, civil and/or criminal liability, and contempt by the Court. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order against me.

11. Under 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Date: _____

Signature: _____

Print: _____